THOMAS E. MOSS
UNITED STATES ATTORNEY
JAMES M. PETERS, WSB NO. 7295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA, PLAZA IV
800 PARK BOULEVARD, SUITE 600
BOISE, IDAHO  83712-9903
TELEPHONE:  (208) 334-1211

ALEXANDRA GELBER, DC BAR # 473773
TRIAL ATTORNEY, UNITED STATES DEPARTMENT OF JUSTICE
CHILD EXPLOITATION AND OBSCENITY SECTION
1400 NEW YORK AVENUE NW, SUITE 600
WASHINGTON DC 20530
TELEPHONE: 202-307-1316

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| ) | Case No. 06-051-S-BLW |
| Plaintiff,         ) | |
| ) | **RESPONSE TO DEFENDANT'S** |
| v.         ) | **MOTION TO EXCLUDE EVIDENCE** |
| ) | **OF PRIOR CONVICTIONS FOR** |
| JERRY LEVIS BANKS, SR.,         ) | **LEWD CONDUCT WITH A MINOR** |
| ) | |
| Defendant.         ) | |
| _____) | |

Jerry Banks, Sr. has moved to exclude evidence of his prior convictions for Lewd Conduct with a Minor.  He argues that the evidence should be excluded under Fed.R.Evid. 404(b), 609 and 403.  The Defendant was sentenced in Ada County case number CR 16884 on September 12, 1990, to Counts II and III of an Indictment charging him with Lewd Conduct with a Minor Under Sixteen, violating I.C. §18-1508.  The victim of the counts to which Mr. Banks pled guilty was the Defendant's son, Jerry L. Banks, then age 11-years.  Other counts relating to the molestation of his

1

daughter were dismissed in exchange for the plea.  The Indictment specifies that the Defendant, on separate days in February 1990, touched his son's penis with his hand and mouth with the intent to gratify the sexual desire of the Defendant.  The Defendant served 12-years in state prison on these two convictions, and was released in March 2002.[1]

The evidence in the instant case will show that soon after his release from prison, Mr. Banks began using computers to chat with other people who shared his sexual interest in children.[2]  He moderated a chat room called "Kids, Sex and Incest" on the peer-to-peer file sharing network WinMX that was a place where incest and sex between children and adults were discussed and child pornography was exchanged.  The evidence will show that Mr. Banks molested a baby boy (a two-year-old relative) and produced a video entitled "Test.wmv" that he transmitted via the Internet to Shon Lindstrom in Edmonton, Alberta Canada via the "Kids, Sex and Incest" chat room in April 2005, in exchange for similar videos Lindstrom produced of his stepchildren.[3]

---

[1]  The Defendant has two other prior convictions that the United States does not intend to offer in evidence.  They involve Assault in the Second Degree, a violation of Washington Revised Statute 9A.36.020, a class B felony.  This case involved the Defendant physically assaulting his children.  He also has a prior conviction for Unlawful Issuance of Bank Checks, committed in Washington State on January 3, 1985.

[2]  The government has provided the defense with reports regarding these "other acts" and verbally notified the defense that it intends to introduce them at trial.  A separate notice to comply with the requirements of Rules 404(b) and 414 along with a memorandum of points and authorities are being prepared and will be filed separately.

[3]  Shon Linstrom is the informant in this case and is expected to testify.  At the time he provided information resulting in the search of Banks' home, he was a twice-convicted sex offender.  His convictions included Sexual Interference and Invitation to Sexual Touching in January, 1995; and Sexual Assault in November 1996. He was convicted and sentenced for additional sex offenses related to his May 2005 arrest and is currently incarcerated at the Bowden Federal Correctional Institution, Innisfall, Alberta.

The "Test.wmv" video, which extends more than six minutes, was produced using a fixed camera focused on the baby's pubic area and begins by showing the forearms of an adult man removing the baby's diaper and cleaning the baby. The first part of the video shows a normal diaper change, with the camera focused directly on the baby's exposed bottom. The adult then begins massaging the baby's anus and manipulating the baby's penis until it becomes erect. The "Test.wmv" video is the subject of Counts II, III and IV of the Second Superseding Indictment.

Mr. Banks has announced that he intends to assert an identity defense as to Counts One, Two, Four, Five, Six and Eight.[4] Banks has stated that he intends to assert that the "Test.wmv" video, which is charged in Counts II, III and IV, does not depict sexually explicit conduct, Dkt. 39 at 1, and also notified the Government that he will claim he produced it with innocent intent.

1.     **Prior Convictions are Probative of Defendant's Motive, Intent, Knowledge, Identity and Absence of Accident or Mistake Under Rule 404 (b).**

The prior convictions will also be admissible under Rule 404(b) to show the Defendant's motive, intent, knowledge, identity and absence of accident or mistake, all issues that will be contested at trial. Rule 404(b) generally prohibits the admission of evidence concerning prior criminal acts to show that a defendant has a propensity or disposition for criminal activity. However, it does not prohibit the use of other acts for a proper purpose. Rule 404(b) is a rule of inclusion, not exclusion. As the Supreme Court announced nearly two decades ago that Rule 404(b) "was intended to place greater emphasis on admissibility." *United States v. Huddleston*, 108 S.Ct. 1496, 1500-01 (1988). *See, also*, *United States v. Hadley*, 918 F.2d 848, 850-51 (9th Cir.

---

[4] See Dkt. 35, Memorandum in Support of Defendant's Motion to Exclude Photographs, pp 5 & 6, asserting that the only dispute between the parties centers on the identity of the person who possessed, received and transported these images.

1990) (discusses the admissibility of sexual abuse and sodomy of victims occurring ten years before charged crimes). Courts have considered various factors in determining the admissibility of other act evidence, including: (1) Is the other act too remote in time, (2) Is there similarity between the other acts and the acts charged, (3) How strong is the evidence proving the other act, (4) Does the act tend to prove a material element, or how probative is the evidence, (5) What is the prosecution's "need" for the evidence, or does defendant dispute the issue sought to be proven, (6) Do alternative means exist to accomplish the same goal, and (7) What is the extent to which danger of prejudice can be remedied by cautionary instructions to the jury? *See, e.g., United States v. Crowder*, 141 F.3d 1202 (D.C. Cir. 1998) (en banc), for a discussion of the prosecution's ability to use 404(b) evidence despite a defense offer to stipulate to elements of the offense. *See also*: *United States v. Johnson,* 132 F.3d 1279, 1282 (9th Cir. 1997); *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993); and *United States v. Hinton*, 31 F.3d 817, 822 (9th Cir.1994).

      **2.**      **Prior Convictions are Probative of Defendant's Propensity**

The Government submits that evidence of the Defendant's prior convictions is also admissible pursuant to Fed.R.Evid. 414 for the proper purposes of showing the Defendant's propensity to sexually molest prepubescent male relatives, and to show his persistent interest in young children as sexual objects. While evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime under Fed.R.Evid. 404(b), Congress altered this rule when it adopted Rule 414 of the Federal Rules of Evidence in 1995. "Fed.R.Evid. 414 (Evidence of Similar Crimes in Child Molestation Cases), was passed to make an exception to Fed.R.Evid. 404(b), which imposed a blanket prohibition on propensity evidence." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000).

Now, in cases involving child molestation, " . . . evidence of the Defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed.R.Evid. 414(a). If relevant, such evidence is admissible unless its probative value is "substantially outweighed" by one or more of the factors enumerated in Rule 403. *United States v. Sioux*, 362 F.3d 1241, 1243 (9th Cir. 2004) (citing *United States v. Guardia*, 135 F.3d 1326, 1329 (10th Cir.1998)) (establishing a presumption, but not a blank check, favoring the admission of propensity evidence in criminal trials involving charges of sexual misconduct).

"Under Rule 414(a), the key to admissibility is relevance . . ." *United States v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005) (citing *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir.2001)) ("A court considering the admissibility of Rule 414 evidence must first determine whether the evidence has probative value, recognizing 'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible). And with respect to relevance, in *Glanzer,* the Ninth Circuit stated: "[I]t is generally accepted that a defendant with a propensity to commit acts similar to those charged is more likely to have committed the charged act than another and therefore such evidence is relevant and in conformity with the standards set out in Fed. R. Evid. 401 & 402." 232 F.3d at 1268.

The leading case in the Ninth Circuit on the admissibility of prior acts of child molestation pursuant to Rule 414 is *United States v. Lemay,* 260 F.3d 1018, 1025 (9th Cir.) *cert denied* 534 U.S. 1166 (2002) (upholding constitutionality of Fed.R.Evid. 414). In an opinion written by Judge Trott, the court held that the probative value of evidence relating to a 24-year-old defendant's prior juvenile rape conviction, which arose from an incident in which he sexually assaulted two infant victims he was babysitting while he was 12-years-old, was not substantially

outweighed by danger of unfair prejudice, and could be admitted pursuant to Rule 414 during a new child molestation prosecution.  Agreeing with the Eighth and Tenth Circuits, the Court concluded that admission of other acts evidence pursuant to Rule 414 did not violate due process, so long as the evidence was also subjected to the balancing test of Rule 403. *Id*. at 1026.

Rule 414 applies to the instant case. Count III of the Second Superseding Indictment alleges, in pertinent part, that the Defendant:

> . . . [D]id knowingly and intentionally use a person under the age of eighteen years to engage in sexually explicit conduct, specifically, masturbation and the lascivious exhibition of the genitals and the pubic area of said minor . . .

The video alleged in Count III depicts, as stated previously, the Defendant molesting a two-year-old infant which is by definition an offense of "child molestation" as contemplated by Rule 414 (a) and (d).[5]

### 3. Analysis

Both of the prior acts to which Mr. Banks pleaded guilty in 1990 are similar to the conduct charged in Count III.  Both prior acts involved lewd conduct towards a prepubescent male with whom the Defendant is related by blood.  The victim of Count III is the child of the person Banks pleaded guilty to molesting in case number CR 16884.  The similarities between the prior convictions and the crime charged in Count III demonstrate the Defendant's propensity to engage in incestuous conduct with prepubescent boys.  As the Court held in *Glanzer,* 232 F.3d at 1268, this evidence is relevant, because a person who has committed acts of child molestation against a

---

[5] For purposes of Rule 414, "child" means a person below the age of fourteen, and "offense of child molestation" means a crime under federal law or the law of a State that involved any conduct proscribed by chapter 109A that was committed in relation to a child, chapter 110 of title 18, as well as other means specified.  *See* Fed. R. Evid. 414 (d).

young boy of the sort involved here is more likely to have acted knowingly and intentionally in producing this video to fuel his sexual interest in prepubescent minors. *Id*. at 1268.  This is directly probative of elements the Government must prove, and should be considered by the jury in evaluating the weight to be given to the defenses on which Mr. Banks has announced that he intends to rely and so is admissible under Rule 404(b).  It also shows propensity to commit sex acts against children, and to fantasize about them by possessing, transporting, and receiving sexually explicit images of minors, which make them relevant under Rule 414 as well.

Coupled with inferences regarding the Defendant's sexual interest in children which can reasonably be drawn from his participation in the child pornography underworld as the moderator of a chat and file sharing Internet forum entitled "Kids, Sex and Incest," evidence of his prior convictions shows a persistent pattern involving sexual interest in and abuse of minors with increasing boldness and depravity, culminating in the Defendant sending live images of himself molesting a two-year-old relative via computer to another sex offender in Canada.  The probative value of his prior convictions is high – particularly where the issues for the jury to decide will be the identity of the perpetrator, the Defendant's intent in making the "Test.wmv" video, and whether the video itself constitutes a lascivious display.

Such evidence is also admissible under Rule 404(b) with regard to the other counts in the Indictment to help the jury understand what motivated the Defendant, and to prove his intent, and for the purpose of establishing knowledge, identity, and absence of mistake or accident.

We submit the prior convictions are close enough in time to the conduct charged in this case to retain it's probative value, particularly considering that the Defendant was released from prison in 2002. The acts are nearly as contemporaneous as those ratified by the Ninth Circuit in other cases involving sexual molestation of minors.  *See, e.g.*, *United States v. Lemay*, 260 F.3d

1018, 1029 (9th Cir. 2001) (12-years under Rule 414) and *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir. 1990) (admitting prior sex acts 10-years old under Rule 404(b)).  They are more recent than prior acts recently admitted under Rule 414 in *United States v. Benally*, – F.Supp. –, 2006 WL 1493227 at *4-5 (D.Utah 2006) (admitting some prior acts under Rule 414 more than 25-years old).  The fact that Mr. Banks returned to his old pattern of molesting prepubescent male blood relatives, and committing other similar acts showing his persistent sexual interest in minors, so soon after his release from prison should weigh in favor of admissibility.

      The evidence of Mr. Banks' prior acts is "necessary" because of the unavailability of the victim of Count III to testify based on his age at the time of the event.  As in *United States v. LeMay*, where the victims of the prior acts were 8-months and 2-years of age, the victim here was 2-years-old when he was molested by the Defendant in April 2005. *Lemay*, 260 F.3d at 1022. The victim's unavailability means the Government's case rests on the video evidence, which shows the child's face, but only shows the arms and hands of the adult perpetrator. We expect to present testimony from the Defendant's wife identifying the baby and her husband's arms, watch and wedding ring.  We also expect Shon Lindstrom to testify that Jerry Banks sent the video to him. Without the victim being available to testify regarding who the perpetrator is, and what other things his the Defendant did to him that were not recorded, the necessity of admitting the prior convictions to show the Defendant's propensity to commit such acts with sexual intent is heightened.

      Also weighing in favor of admitting the evidence of Banks  prior convictions, we submit, is the fact that the "other acts" evidence is highly reliable because Banks pleaded guilty to the charges. See *LeMay*, 260 F.3d at 1029.

There is little prejudice beyond the probative nature of the evidence. We intend to offer the relevant portions of the Indictment and the Judgment in a Criminal case as primary proof of the prior acts. The victim of the prior acts, Jerry L. Banks, Jr. will testify as a fact witness, and will be identified as the victim in the prior case, and while the Government does intend to question him generally regarding his molestation by his father, if the prior conviction is admitted, we will not have to go into graphic detail. This will avoid the prejudicial effect of an overly emotional testimony caused by Jerry, Jr. having to relive on the witness stand the details of what his father did to him more than a decade ago. This evidence is probative and the only prejudice is that prejudice made admissible by Rules 404(b) and 414.[6]

### 5.    The Prior Convictions are Admissible For Impeachment Under Rule 609(a)(1).

If the Defendant testifies, his prior convictions for Lewd Conduct with a Minor are admissible for impeachment under Rule 609 (a)(1). The prior conviction is for a crime punishable by more than one year – he actually served twelve years. It is similar in nature to the acts charged. The conviction involved sexually touching and committing fellatio on his prepubescent son. Counts Two, Three and Four of the instant case involve allegations that the Defendant produced, possessed and transported a video showing the Defendant sexually touching a two-year-old relative. The other counts involve conduct showing the Defendant's continued sexual interest in young children.

---

[6] The evidence suggests that the scope of the Defendant's conduct far exceeded the counts on which he was convicted. Besides ongoing sex with his son, there is also substantial evidence that he was having sex with his daughter and causing her to have sex with her brothers. Additional details will be provided in the Governments notice under Rules 404(b) and 414, which is being prepared.

Courts consider five factors "in balancing the probative value of a prior conviction against its prejudicial impact for purposes of Rule 609(a)(1)." *United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir.1995). Those factors are "(1) the impeachment value of the prior crime; (2) the point in time of conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the Defendant's credibility. The Government bears the burden of showing, based on these factors, that the proffered evidence's probative value substantially outweighs its prejudicial effect." *Id*. at 1487.

Here, the impeachment value of the prior conviction is high. If Mr. Banks testifies, he will be pitting his credibility against the Government's witnesses, including a thrice-convicted Canadian sex offender, Shon Lindstrom, whose criminal history the jury will know. By claiming an identity defense, and by denying the "Test.wmv" video is unlawful, and by asserting that he made the video for a lawful purpose, Mr. Banks will make his credibility a central issue of the case and open the door to being impeached with his prior conviction. Under the rule, proof regarding the prior conviction is not time-barred because the Defendant had been released from confinement for less than ten years. See, Rule 609 (b). As shown above, the prior convictions are similar to the charged crimes in that they relate to sexually molesting prepubescent minor male relatives. They show Defendant's continued interest in that illicit behavior. Banks' expected testimony cuts to the heart of the Government's case. His credibility is central to the jury's decision on the issues of identity, motive, intent and absence of mistake or accident. If the jury is allowed to consider his testimony in a vacuum, without knowing his history of similar behavior, he may be afforded more credibility than he deserves.

## **Conclusion**

The Government submits evidence concerning the Defendant's prior convictions for Lewd Conduct with a Minor are probative of material elements of this case, and the only prejudice is that prejudice made admissible by Rules 404(b) and 414.  It is also admissible under Rule 609(b) for impeachment in the event the Defendant testifies.

Respectfully submitted,

Dated:  September 22, 2006			THOMAS E. MOSS
						UNITED STATES ATTORNEY
						by


						_____
						/s/ James M. Peters
						Assistant United States Attorney

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Response to Defendant's Motion to Exclude Evidence of Prior Convictions for Lewd Conduct With a Minor was served on all parties named below this 22nd day of September, 2006.

     ___ United States Mail, postage prepaid

     ___ Hand delivery

     ___ Facsimile Transmission (fax)

     ___ Federal Express

     _x_ ECF Filing

Mr. Dennis M. Charney
Charney Law Office
951 East Plaza Drive, Suite 140
Eagle, Idaho 83616

/s/ James M. Peters