THOMAS E. MOSS, IDAHO BAR NO. 1058
UNITED STATES ATTORNEY
JAMES M. PETERS, WASHINGTON BAR NO. 7295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP, PLAZA IV
800 PARK BLVD., SUITE 600
BOISE, IDAHO  83712
TELEPHONE:  (208) 334-1211
FACSIMILE: (208) 334-1413

ALEXANDRA GELBER, DC BAR # 473773
TRIAL ATTORNEY, UNITED STATES DEPARTMENT OF JUSTICE
CHILD EXPLOITATION AND OBSCENITY SECTION
1400 NEW YORK AVENUE NW, SUITE 600
WASHINGTON DC 20530
TELEPHONE: 202-307-1316

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No. CR06-0051-BLW |
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS** |
| vs. | |
| JERRY LEVIS BANKS, SR., | |
| Defendant(s). | |

COMES NOW the United States of America, by and through Thomas E. Moss, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, to respond to the Defendant's motion to exclude photographs.

## INTRODUCTION

On June 19, 2006, Defendant, Jerry Banks, Sr., was indicted on eight counts alleging sexual exploitation of children. The counts include possession, manufacture, transportation, and receipt of sexually explicit images of minors, and attempted interstate enticement of a minor. Mr.

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -1-**

Banks now moves the Court to exclude publication to the jury of any sexually explicit images of minors to prove Counts One, Two, Four, Five, Six and Eight. *See* (Defendant's Memorandum in Support of Defendant's Motion to Exclude Photographs 2) (hereinafter "Dkt. 35, Def Mem." ) He asserts that his offered stipulation serves as better proof of the elements of the crime than publishing the images themselves. (Dkt. 35, Def Memo. 5-6.)

## SUMMARY OF CHARGES

The following Counts are at issue in the Defendant's Motion:

<u>Counts One and Two</u>, Sexual Exploitation of Children/Possession of Sexually Explicit Images of Minors, 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), require the Government to prove:

1. That the defendant knowingly possessed matters which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

2. That the defendant knew the visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

3. That the defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

4. That the visual depiction had been either:

    a) Transported in interstate or foreign commerce, or

    b) Produced using material that had been transported in interstate or foreign commerce by computer or other means.

*See* Ninth Circuit Model Criminal Jury Instruction 8.154 (2006).

<u>Counts Four, Five and Eight</u>, Sexual Exploitation of Children/Transportation of Sexually Explicit Images of a Minor, 18 U.S.C. §§ 2252(a)(1) and (b)(1), require the Government to prove:

1. That the defendant knowingly transported a visual depiction in interstate or foreign commerce by any means, including a computer;

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -2-**

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3. That such visual depiction was of a minor engaged in sexually explicit conduct;

4. That the defendant knew that such visual depiction was of sexually explicit conduct; and

5. That the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

*See* Ninth Circuit Model Criminal Jury Instruction 8.153 (2006).

Count Six, Sexual Exploitation of Children/Receiving Sexually Explicit Images of Minors, 18 U.S.C. §§ 2252(a)(2) and (b)(1), requires the Government to prove:

1. That the defendant knowingly received a visual depiction in interstate commerce by any means, including a computer;

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3. That such visual depiction was of a minor engaged in sexually explicit conduct;

4. That the defendant knew that such visual depiction was of sexually explicit conduct; and

5. That the defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

*See* Ninth Circuit Model Criminal Jury Instruction 8.153 (2006).

## MR. BANKS' PROPOSED STIPULATION

Mr. Banks offers to stipulate to the following:

1) With respect to Counts One and Two:

Mr. Banks offers to stipulate that "the visual depictions found on the disks, hard drives, and jump drive constitute child pornography" except for the video called "test.wmv."

Mr. Banks also offers to stipulate that "the images contain minors engaged in explicit sexual conduct."

2) With respect to Counts Four, Five, and Eight:

Mr. Banks offers to stipulate that all images in those counts except for one called "test.wmv" constitute child pornography.

3) With respect to Count Six:

Mr. Banks offers to stipulate the images constitute child pornography.

(Dkt. 35, Def Memo. 5-6).

## ARGUMENT

<u>Neither the Case Law Nor Rule 403 Bar Admission of Photographs When the Photos Address an Element of the Crime Not Covered by a Stipulation.</u>

The common rule holds that the Government can present its case "free from any defendant's option to stipulate the evidence away." *Old Chief v. United States*, 519 U.S. 172, 189 (1997). As the Supreme Court found, this rule "rests on good sense":

> A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it. People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard. A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best.

*Id.* at 189.

Furthermore, "[t]he district court possesses broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue. Conversely, we are mindful that the court's discretion to exclude evidence under Rule 403 is narrowly circumscribed. 'Rule 403 is an extraordinary remedy[,] which should be used only sparingly since it permits the trial court to exclude concededly probative evidence.' The balance under the Rule, therefore, should be struck in favor of admissibility." *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir.1989) (citations omitted) (quoting *United States v. Betancourt*, 734 F.2d 750, 757 (11th Cir.1984)).

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -4-**

Nonetheless, the Defendant argues that Rule 403 requires exclusion of publication of sexually explicit images of minors because of his offer to stipulate to certain elements of the crime. In support of this motion, Mr. Banks relies on the interpretation of Federal Rule of Evidence Rule 403 in *Old Chief* and *United States v. Merino-Balderrama*, 146 F.3d 758 (9th Cir. 1998). Mr. Banks asserts that Rule 403 balancing requires the Government not to publish any sexually explicit images of minors because he has offered to stipulate that all of the videos and images in question for Counts One, Two, Four, Five, Six and Eight (except for a video called "test.wmv") are "child pornography." (Dkt. 35, Def Memo 5-6).[1] He has offered no such stipulation concerning "test.wmv", the video which the Defendant is alleged to have produced in Count Three, possessed in Count Two, and transported in Count Four.

Mr. Banks' reliance on *Old Chief* and *Merino-Balderrama* is misplaced as in the rare fact patterns of those cases, the offered stipulation was probative of only one issue in the case. Mr. Banks case is of a different nature. Here, the images the Government will publish at trial go to multiple elements of the alleged offense and specifically touch on Mr. Banks' knowledge concerning the sexually explicit images of minors.

In *Old Chief*, the Supreme Court held that in the narrow instance involving the defendant's status as a felon, the trial court abused its discretion in not discounting the Government's proffer of the record of conviction in light of a defendant's offer to stipulate to felony status. 519 U.S. at 182. Old Chief was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id* at 174. The Court weighed the Government's proffer of the record of Old Chief's prior conviction against Old Chief's stipulation that he was a felon. *Id.* The Court held that the record of conviction was unfairly prejudicial when weighed against Old Chief's proposed stipulation, but it confined its holding to status elements. *Id.* at 183 n.7.  The Court recognized there exists a presumption that the prosecution can present its case as

---

[1] "Child pornography," while a fair generic description of the images at issue here, is actually a legal term of art defined in 18 U.S.C. § 2256(8).  That definition of child pornography pertains only to charges brought under 18 U.S.C. § 2252A, a statute that is not at issue here.

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -5-**

it sees fit, but found in this narrow exception to the rule "that proof of the defendant's status goes to an element entirely outside the natural sequence of what the defendant is charged with thinking and doing to commit the current offense." *Id.* at 191.

In *Merino-Balderrama*, the issue concerned whether showing the jury several minutes of six different movies depicting minors engaged in sexually explicit conduct was unfairly prejudicial in light of the defendant's offer to stipulate that the images on the film were child pornography. Because there was no evidence that the Defendant had ever viewed the movies, the Ninth Circuit concluded that the actual boxes in which the films were contained, which were covered with still shots from the films of minors engaged in sexually explicit conduct, were more probative of defendant's scienter than the movies. *Merino-Balderrama*, 146 F.3d at 760-762.

Mr. Banks would have the Court believe that *Merino-Balderrama* stands for the proposition that his proposed stipulation bars any publication of sexually explicit images of minors.  In fact, *Merino-Balderrama* permits publication of images of child pornography to prove the defendant's scienter.  The Ninth Circuit did not hold that *no* images should have been published to the jury, but rather that the *wrong* images were published.  As the Ninth Circuit stated, "[i]f the films were less probative of scienter than the box covers, or if the two groups of exhibits were only equally probative of scienter, then keeping the films from the jury's eyes would not 'deprive the prosecution of evidence with multiple utility.'" *Merino-Balderrama*, 146 F.3d at 762 (quoting *Old Chief*, 519 U.S. at 190). As the Ninth Circuit later commented on the *Merino-Balderrama* decision, "[w]e reversed because the box covers had still photographs which were more probative of the defendant's knowledge that they contained pornographic material than the films, yet were far less inflammatory." *United States v. Hay*, 231 F.3d 630, 639 (2000).

In *Hay*, the Ninth Circuit limited its holding in *Merino-Balderrama* while reiterating that sexually explicit images of minors can be published to the jury to establish scienter. 231 F.3d. at 639. In *Hay*, the defendant challenged his conviction, claiming the district court erred in allowing the jury to view images of child pornography after he stipulated to the facts that the images were child pornography transmitted in interstate commerce. *Id.* at 638. The Ninth Circuit

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -6-**

affirmed Hay's conviction and ruled that the images were properly viewed by the jury. As the Court found, "[u]nlike [the films in] *Merino-Balderrama*, there was evidence that Hay had seen the images of child pornography which he was charged with possessing, based on the thumbnail images he created when he viewed them on his computer screen as well as the existence of many of the images on his own FTP and web sites." *Id.* at 639.

In light of *Merino-Balderrama* and *Hay*, Mr. Banks would have a better argument that his offer to stipulate ought to foreclose the Government from publishing the images if the only fact at issue was whether the images are or are not "child pornography." However, whether or not the images are child pornography, or stated more accurately, images of minors engaging in sexually explicit conduct, however, is not the only element of the alleged crimes at issue. The Government also carries the burden to establish scienter, that is, that Mr. Banks *knew* the images were sexually explicit images of minors and that he knowingly transported, possessed, or received them.

As the publication of sexually explicit images of minors goes to several of the elements of the crime; not just to their status as sexually explicit images of minors but also to whether Mr. Banks had knowledge that he possessed them and knowledge that the images were sexually explicit images of minors, this is not a case where, as in *Old Chief*, the offered stipulation "suppl[ies] evidentiary value at least equivalent to what the Government's own evidence carrie[s]." *Id.* at 186. The facts in this case also differ from *Merino-Balderrama* where there existed an equally probative but "less inflammatory" piece of evidence. *Hay*, 231 F.3d at 639. Publishing the sexually explicit images is a part of the circumstantial evidence the Government will submit to establish that Mr. Banks had the knowledge required for the alleged crimes. Because the images are "evidence with multiple utility," the admission of the images charged in the Second Superseding Indictment, and publication of at least some those images before the jury is permissible. *Old Chief*, 519 U.S. at 190.

Similar to the events that transpired in *Hay*, the Government will enter into evidence internet chat room conversations between Mr. Banks and a convicted, Canadian trafficker of

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -7-**

sexually explicit images of minors and testimony from Linda Martin, the witness to whom Banks allegedly sent the images alleged in Count Eight. The Government will also introduce into evidence images that were uploaded and downloaded during those internet chat room conversations to establish that Mr. Banks knew that they were sexually explicit images of minors. Additionally, the Government will submit evidence that Mr. Banks' computers were used to access images from his collection of CDs containing sexually explicit images of minors. The cases of these CDs have Mr. Banks' fingerprints on them and are labeled "XXX"—a known marker for hardcore pornography.

In summary, the Government will offer a limited number of images from these CD's, and from the defendant's hard drives and jump drive, and from the images alleged in Count Eight which are on paper, to establish that Mr. Banks knew the images were sexually explicit images of minors, and he knowingly possessed them.

<u>The Scope of the Defendant's Stipulations is Limited.</u>

The defendant's proposed stipulation falls short in two respects. First, as suggested above, his use of the term *child pornography* is misplaced. Assuming *arguendo* that Defendant means the images in question are "sexually explicit images of minors engaging in sexually explicit conduct," when he refers to *child pornography*, then we are close to a meeting of the minds on this part of the stipulation. His stipulation as filed also fails adequately to establish that the images moved in interstate or <u>foreign</u> commerce. His clarification filed on September 15, offers to stipulate "that all of the materials, with the exception of the video entitled "test.wmv," did affect interstate commerce." (Dkt. 39, p.1). This is close to a stipulation regarding the element at issue but falls short of an admission that the images that were transported between Canada and the United States were transported in <u>foreign</u> commerce, as the evidence shows.[2]

---

[2] Further, the Defendant's stipulation indicated the images "affected" interstate commerce. "Affecting interstate commerce" is a broad jurisdictional basis used in few federal statutes to reach intrastate as well as interstate commerce. The statute at issue here requires the material move <u>in</u>

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -8-**

Since filing his proposed stipulations, Mr. Banks' attorney has met with the United States and agreed to more refined versions of the stipulations. However, assuming that these stipulations will be used at trial, the proposed stipulations still ignore the relevance of the images themselves with respect to Mr. Banks' knowledge to have completed the alleged crimes.

<u>Displaying a Limited Number of the Charged Sexually Explicit Images of Minors is Not *Unfairly* Prejudicial</u>

Additionally, Mr. Banks' argument rests on the mistaken belief that publishing sexually explicit images of minors is so *unfairly* prejudicial as to outweigh any probative value, per Rule 403. Admission of such images to prove sexual exploitation of children, however, is not unfairly prejudicial. *See United States v. Smith*, – F.3d. –, 2006 WL 2327782, at *14 (11th Cir. Aug. 11, 2006). Mr. Banks' supporting memorandum neglects Rule 403's mandate that the Court must look to the danger of *unfair* prejudice. (Dkt. 35, Def Memo. 4.) All inculpatory evidence is prejudicial, or by definition, *relevant*. Rule 403 seeks only to prevent unfair prejudice in situations where the risk of unfair prejudice *substantially* outweighs the probative value. Fed. R. Evid. 403; *Smith*, 2006 WL 2327782, at *14. ("That the nature of the crime itself, and therefore the nature of the evidence tending to prove it, is emotionally charged does not mean that the prosecution must be deprived of its most probative evidence."); *Old Chief*, 519 U.S. at 187 ("Evidence [] has force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences whatever they may be, necessary to reach an honest verdict.").

The Government readily acknowledges the shocking nature of the images at question and is not interested in gratuitously subjecting jurors, courtroom staff and the Court to the trauma of viewing such graphic evidence. Therefore, in exchange for the defendant's stipulation, the

---

interstate commerce, which is legally distinct from affecting interstate commerce and much narrower in scope.

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -9-**

Government will voluntarily limit the number of images to be published to the jury to those necessary to establish an issue that is contested. In Mr. Banks' case, the Government will offer a limited number of sexually explicit images of minors to prove identity of the perpetrator and scienter, that is, that Mr. Banks knowingly produced, received, transported, and possessed the sexually explicit images of minors charged in the indictment, and that he knew the images contained sexually explicit images of minors.

Finally, besides the government self-limiting its presentation of evidence, the impact of publishing a limited number of the sexually explicit images of minors to the jury can be blunted through proper *voir dire* and Rule 105 limiting instructions. *See United States v. Dodds*, 347 F.3d 893, 898-899 (11th Cir. 2003) (jurors cautioned about publication of sexually explicit images of minors during trial during *voir dire* and received limiting instructions), *see also United States v. Becht,* 267 F.3d 767, 774 (8th Cir. 2001) (same).

<u>The Government Seeks to Prove Its Case; Not Shock the Jury</u>

Images of minors being sexually exploited invoke a certain level of repulsion from those who encounter such images. As suggested above, the Government has no intention of saturating the jury with the hundreds of images and videos found on Mr. Banks' computer hard drives, compact discs, and thumb drive. The Government does not intend to publish to the jury every image that is admitted; a small sample will be sufficient, particularly if the more refined stipulations are used at trial. Unfortunately, a number of these images need to be published to the jury for the Government to establish the element of scienter in a number of the counts alleged. "A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best." *Old Chief*, 519 U.S. at 187.

Additionally, Mr. Banks should not be allowed to sanitize the activity at issue in this case. "[A] criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Id*. at 186-87. This is not the sort of case

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE PHOTOGRAPHS -10-**

where unusually unfair circumstances would deprive a defendant of a fair trial, see, e.g., *Merino-Balderrama*, 146 F.3d 758 (9th Cir.1998).

## CONCLUSION

The Government welcomes a reasonable stipulation that will limit the amount of images that will need to be shown to the jury but strongly insists upon its right to present its case "free from any defendant's option to stipulate the evidence away." *Old Chief*, 519 U.S. at 189. The facts in Mr. Banks' case do not resemble the status element at issue in *Old Chief* or the choice between moving and still images presented in *Merino-Balderrama*. This case presents a situation where a reasonable but limited number of sexually explicit images of minors must be published to the jury for the Government to establish that Mr. Banks knowingly possessed sexually explicit images of minors along with proving the other contested elements of the offenses.

Respectfully submitted this 22nd day of September 2006.

          THOMAS E. MOSS
          UNITED STATES ATTORNEY
          By:

          /s/ JAMES E. VOGT, JR. Legal Extern
          Under Idaho Bar Commission Rule 221

          /s/ James M. Peters
          Assistant United States Attorney

          /s/ Alexandra Gelber, Trial Attorney
          United States Department of Justice
          Child Exploitation and Obscenity Section

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Government's Response to Defendant's Motion to Exclude Photographs was served on all parties named below this 22nd day of September, 2006.

    ___ United States Mail, postage prepaid

    ___ Hand delivery

    ___ Facsimile Transmission (fax)

    ___ Federal Express

    _x_ ECF Filing

Mr. Dennis M. Charney  
Charney Law Office  
951 East Plaza Drive, Suite 140  
Eagle, Idaho 83616

                                                        _____  
                                                        /s/ James M. Peters