*THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
*JAMES M. PETERS, WSB NO. 7295*
*ASSISTANT UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA, PLAZA IV*
*800 PARK BOULEVARD, SUITE 600*
*BOISE, IDAHO  83712-9903*
*TELEPHONE:  (208) 334-1211*

*ALEXANDRA GELBER, DC BAR # 473773*
*TRIAL ATTORNEY, UNITED STATES DEPARTMENT OF JUSTICE*
*CHILD EXPLOITATION AND OBSCENITY SECTION*
*1400 NEW YORK AVENUE NW, SUITE 600*
*WASHINGTON DC 20530*
*TELEPHONE: 202-307-1316*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  )  Plaintiff,  )  )  v.  )  )  JERRY LEVIS BANKS, SR.,  )  )  Defendant.  )  _____) | Case No. 06-051-S-BLW  **RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT** |

COMES NOW the United States Attorney for the District of Idaho and responds to the Defendant's Motion to Dismiss the Second Superseding Indictment on the grounds that it is multiplicitous and violates his rights under the Fifth Amendment of the Constitution and unfairly prejudices him by suggesting that he is guilty of more crimes.

1

### 1.    The Indictment is Not Multiplicitous

"An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005). However, two counts within an indictment are not multiplicitous if "each separately violated statutory provision requires proof of an additional fact which the other does not." *Id.*, *see also*, *United States v. Vargas-Castillo*, 329 F.3d 715, 718-19 (9th Cir. 2003); *United States v. Stearns*, 550 F.2d 1167, 1172 (9th Cir. 1977) ( "Congress has the power to establish that a single act constitutes more than one offense, at least as long as each offense requires proof of a fact the other does not.").

Here, the allegations in Counts One and Two of the Second Superseding Indictment require proof of different facts in several respects. Count One requires proof that the Defendant possessed specified sexually explicit images of minors found on four compact discs (CD's) seized from the Defendant's converted office/garage on May 21, 2005.  Count Two requires proof the Defendant possessed *different* specified visual depictions of minors engaging in sexually explicit conduct, recovered from *different* electronic storage media, that is, three computer hard drives and a jump drive found in the converted office/garage on the same day.

The Indictment was crafted in this manner because the evidence connecting the Defendant to the CD's (Count One) and to the matter found on the hard drives and the jump drive (Count Two) is different.  The Defendant's fingerprints were found on the covers of three of the four compact discs that held the electronic images and videos that comprise Count One.[1]

---

[1] Examination is still underway regarding prints of "fingertips" on this media. Additional "fingertip" prints will be obtained from the Defendant to complete the examination.

The presence of those fingerprints is strong evidence that the Defendant had handled those discs. Three of the discs were labeled "XXX." It is common knowledge that pornography producers use "X" and multiple XXX" ratings, e.g., "Deep Throat was an X-rated movie," to demonstrate the graphic nature of their movies or images.[2]   While it is possible other inferences can be drawn, we submit it is logical and reasonable to infer from the presence of Mr. Banks' fingerprints on the cases of discs found in his converted office/garage, bearing hand printed labels ("XXX") denoting the presence of hard core pornography, that he most likely had knowledge not only of the discs, but of what was on the discs.

By the time the Second Superseding Indictment was presented to the grand jury, the Government was aware that the Defendant intended to pursue an identity defense, i.e., to contend that someone else was responsible for the sexually explicit images of minors found on the electronic media in his office/garage.[3]  Recognizing that was the defense, the images found on the computer media were charged separately from the images founds on the CD's to aid the jury in fairly weighing the evidence.  Jurors could accept that Mr. Banks knowingly possessed the images on the discs marked "XXX" kept in covers bearing his fingerprints, but find reasonable doubt as to images recovered from electronic media to which other people allegedly had access.

---

   [2]  *See*, "X-Rated" at  http://www.reference.com/browse/wiki/X-rated ("Because the X-rating was not trademarked, anybody could apply it to their films, including pornographers, which many began to do in the 1970s. As pornography began to become chic and more legally tolerated, pornographers placed an X-rating on their films to emphasize the adult nature of them. Some even started using multiple X's (i.e. XX, XXX, etc.) to give the impression that their film contained more graphic sexual content than the simple X-rating.")

   [3] The Defendant has formally indicated he intends to rely on an identity defense in his Memorandum in Support of his Motion to Exclude Photographs, pp 5-6 (Docket 35).

Separating the images that are the subject of different proof seemed the reasonable and prudent approach, given the nature of the evidence and the anticipated defense.

### 2.     *United States v. Kimbrough* is Distinguishable

Banks relies on the Fifth Circuit's finding in *United States v. Kimbrough*, 69 F.3d 723, 729 (5th Cir. 1995), that two similar counts were multiplicitous as applied to the facts of that case. This case is distinguishable legally and factually. First, the elements of the statute at issue in *Kimbrough* are different from here. *Kimbrough* was charged under the former statute that required proof the Defendant possessed "three or more matters" containing illicit images. In *Kimbrough,* the Government attempted to create two counts by alleging alternative jurisdictional means, that is, alleging in one count "produced using" materials that had been transported in interstate commerce, and in the other count by alleging the visual depictions, themselves, had been shipped and transported in interstate commerce. *Id*. at 729. The only difference between the charges was the jurisdictional element-whether the pictures or the materials used to produce them traveled in commerce. *Id*. The Fifth Circuit found this distinction to be artificial and an unlawful attempt to divide a single offense into multiple offenses. *Id*. In contrast, Mr. Banks is charged under a different version of the statute, passed in 1998, which removed the explicit quantitative provision present in the former statute. Moreover, Banks is charged with possessing different images on different electronic media (i.e., compact discs in Count One, and hard drives and a jump drive in Count Two).

This very issue was addressed recently in *United States v. Flyer*, – F.Supp.–, 2006 WL 2590459 (D.Ariz. Sept. 7, 2006). The Court distinguished *Kimbrough,* finding that the Fifth Circuit's decision ". . . stemmed from the old version of the statute," the underpinnings of which

4

had been eroded. *Id*. at *5. The Court held that an indictment that charged the Defendant with three different counts based on "separate and distinct physical media containing visual images of child pornography found in Defendant's possession and control" was proper:

> [C]harging these violations separately is logical, it will avoid jury confusion, and will foster a simpler sentencing hearing as Counts 3, 4, and 5 are separated based on the three distinct physical media containing the child pornography. Proceeding in this manner will allow the jury and the Court to separately analyze the elements and defenses as to each medium forming the basis of the separate counts.

*Id.* at *3. The Government's reason for charging Mr. Banks as it did parallel's this Court's finding.

### 3.     Defendant's Proposed Remedies Are Not Supported

At page 2 of his Memorandum in Support, the Defendant misconstrues the holding of *United States v. Kimbrough*, 69 F. 3d 723, 730 (5th Cir. 1995), by citing it for the proposition that "an indictment which is multiplicitous should be dismissed entirely or the Government should be required to elect a single count on which to proceed." That was not the holding of the Fifth Circuit. While it is true that under the facts of that case, considering a predecessor statute, the Fifth Circuit found two counts of possession of visual depictions of minors engaging in sexually explicit conduct to be multiplicious, it <u>rejected</u> the Defendant's proposed remedy. The Court said:

> Kimbrough further argues that his entire conviction should be reversed as he has been prejudiced by the multiplicious indictment through the possibility that the repeated assertions of details regarding the two counts could have confused the jury by suggesting that several crimes were committed rather than one. We do not find that the trial court's refusal to dismiss one of the two counts requires reversal of Kimbrough's entire conviction.

*Id*. at 730

Instead, the Court affirmed the judgment as to the two counts that it determined were not multiplicious, reversed the two multiplicious counts, and "remanded for the trial court to vacate Kimbrough's conviction on either of those counts and to resentence Kimbrough if the trial court chooses to do so." *Id*. at 734.  In other words, the multiplicitous counts went to the jury, but in the end the District Court was required to sentence the Defendant for only one count.  Following such a course here is in the interest of justice because it will facilitate the jury's fair consideration of the evidence in light of Mr. Banks' identity defense. If the Court were to decide that Counts One and Two of the Second Superseding Indictment are multiplicitous, then we urge the Court to reject the two extreme remedies suggested by Banks.

    **4.**    **Claim of Prejudice**

Mr. Banks claims he "may be prejudiced by creating the impression that [he] has committed several offenses where there may have only been one," without explaining how he is prejudiced.  It is difficult to imagine how, considering the other evidence the jury will hear, one additional count would make any difference and the Defendant has not offered any ideas other than suggesting that two counts is twice as bad as one.  That argument was made and rejected by the defendant in *Kimbrough*, *id*., and in a subsequent Fifth Circuit case that included 42-multiplicitous counts being sent to the jury. *United States v. Reedy*, 304 F.3d 358, 362 (5th Cir.), *cert. denied* 126 U.S. 1071 (2006) (holding Government should not have charged a separate count for each image of child pornography transmitted, but should, under rule of lenity, have used each website as unit of prosecution.)  The *Reedy* court found that standard jury instructions providing that "a separate crime is charged in each count" and "each count and the evidence

6

pertaining to that count should be considered separately and individually," etc., should have prevented the multiplicitous counts from influencing the verdict on the valid counts. *Id*. at 368. The Court held that a remand for resentencing would cure any error. *Id.*

Here, the Government segregated the two possession counts against Mr. Banks based on the logical differences in the type of media, and in the different proof (the presence of the Defendant's fingerprints and "XXX" markings on the discs). The alternative could have been charging the Defendant with eight, rather that two counts of possession – one count for each separate media. By charging the Defendant the way it did, the Government has already applied the Rule of Lenity to the benefit of the Defendant.

### 5. Merger of Counts

Even if Counts One and Two were multiplicitous, we submit the appropriate remedy would be to let the jury consider the evidence, and if there is a conviction on both Counts, the Court can merge them for purposes of sentencing. That approach would allow the jury fairly to weigh the different evidence as to possession of the discs versus the hardware, in light of the issues that the Defendant has said will be contested at trial, identity and knowing possession. Merger at sentencing would satisfy the Defendant's double jeopardy and multiple punishment concerns, as he would only be sentenced for one count of possession.

A similar situation arose in *United States v. Franklin*, 321 F.3d 1231, 1241 (9th Cir.) *cert. denied*, 540 U.S. 858 (2003), where the court found two firearm counts were multiplicitous, and held that the trial court should have merged at sentencing the defendant's convictions for using, carrying or possessing a semiautomatic assault weapon, and using, carrying or possessing

an automatic machine gun, or alternatively, ordered the multiplicitous counts to be consolidated before trial. *Id*. (citing *United States v. Martinez*, 7 F.3d 146, 148 (9th Cir. 1993)).

**6.     Conclusion**

The Government submits that Counts One and Two require proof of different facts, i.e., different images possessed on different electronic media, subject to different proof, and are not multiplicitous. *See Flyer,* 2006 WL 2590459.  However, if the Court finds otherwise, then we submit the appropriate remedy would be to let the jury consider the evidence and decide the Defendant's guilt or innocence and if there is a conviction on both Counts One and Two, merge them for purposes of sentencing.  Any possible confusion can be addressed by properly instructing the jury to consider each count separately and that they must unanimously find that the Defendant possessed at least one of the images alleged in each of Counts One and Two as suggested in *United States v. Reedy*, 304 F.3d at 362.

Dated: September 22, 2006          Respectfully submitted,

                                   THOMAS E. MOSS
                                   UNITED STATES ATTORNEY


                                   /s/ James M. Peters
                                   Assistant United States Attorney

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Response to Defendant's Motion to Dismiss Indictment was served on all parties named below this 22nd day of September, 2006.

    ___ United States Mail, postage prepaid

    ___ Hand delivery

    ___ Facsimile Transmission (fax)

    ___ Federal Express

    _x_ ECF Filing

Mr. Dennis M. Charney  
Charney Law Office  
951 East Plaza Drive, Suite 140  
Eagle, Idaho 83616

                                             _____  
                                             /s/ James M. Peters