THOMAS E. MOSS
UNITED STATES ATTORNEY
JAMES M. PETERS, WSB NO. 7295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA, PLAZA IV
800 PARK BOULEVARD, SUITE 600
BOISE, IDAHO  83712-9903
TELEPHONE:  (208) 334-1211

ALEXANDRA GELBER, DC BAR # 473773
TRIAL ATTORNEY, UNITED STATES DEPARTMENT OF JUSTICE
CHILD EXPLOITATION AND OBSCENITY SECTION
1400 NEW YORK AVENUE NW, SUITE 600
WASHINGTON DC 20530
TELEPHONE: 202-307-1316

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 06-051-S-BLW |
| Plaintiff, ) | |
| ) | **RESPONSE TO DEFENDANT'S** |
| ) | **MOTION TO SUPPRESS** |
| v. ) | |
| ) | |
| JERRY LEVIS BANKS, SR., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

In his Motion to Suppress, the Defendant lodges two attacks against the search warrant: first, that certain sections of the search warrant lack foundation, and second, that the warrant is facially invalid because it does not have the necessary particularity.  The Defendant's arguments are without merit.

**I.    The Search Warrant is Based on a Sufficient Foundation.**

The Defendant claims that the search warrant affidavit fails to articulate a sufficient foundation for three sections, that is, "Background on Computers and Child Pornography," "Specifics of Search and Seizure of Computer Systems," and "Search Methodology to be Employed" (the "challenged sections").  Dkt. 37 at 4-5.  According to the Defendant, "what is lacking from [those sections] is any information that would provide a foundation upon which the magistrate might have concluded that the information ... was reliable."  *Id.*  Significantly, the Defendant does not dispute the accuracy or applicability of the content of those sections.  There is no claim that the information is incorrect or irrelevant to the investigation of Banks.  Rather, his accusation is more like one of plagiarism: the statements in the affidavit are legitimate, but the source is not properly credited.

The Defendant's claim is flatly contravened by the opening paragraph of FBI Special Agent Mary Martin's affidavit, which reads:

> I have been employed as a Special Agent of the FBI for sixteen years ... Since joining the FBI, I have been involved in investigations of Bank Fraud, Health Care Fraud, and Crimes Against Children.  Since approximately 1998 I have been assigned to investigate Sexual Exploitation of Children violations of federal law.  I have gained expertise in the conduct of such investigations through training in seminars, classes, and everyday work related to conducting these types of investigations.  I have attended Crimes Against Children training sponsored by the FBI and am currently the Crimes Against Children coordinator for the FBI in Idaho.

Dkt. 37, Ex. A at ¶ 1.  Agent Martin goes on to explain that:

> the statements in this Affidavit are based in part on information provided by Detectives of the Edmonton Police Department, Edmonton, Alberta, Canada; FBI Task Force Detective Phillip Dubord, Tampa, FL, others referenced in the body of this affidavit and on my investigation of this matter.

*Id.*, ¶ 4.

2

Agent Martin incorporated into her affidavit a summary of Det. Phillip Dubord's relevant training and experience:

> On May 20, 2005, your affiant contacted Detective Phillippe Dubord, Tampa, FL, whom I knew from prior contacts is familiar with P2P investigations and who is trained to enter P2P sites in an undercover capacity. Dubord has been employed with the Hillsborough County Sheriff's Office, FL, since November 1, 1984. Since 1998, he has been assigned to the FBI Innocent Images Task Force, members of which investigate the sexual exploitation of children. Dubord has been involved in numerous investigations involving sexual exploitation of children, including offenses involving the dissemination of child pornography over the Internet by computer. Dubord has attended many specialized courses involving computers and child exploitation, and has provided training to local and federal law enforcement officers on this topic. Dubord is also a Special Deputy United States Marshal.

*Id.,* ¶ 33.

The Defendant does not directly challenge Agent Martin's credentials, instead constructing a flimsy syllogism that the there is insufficient foundation for the three challenged sections. The Defendant begins by noting that in two sections ("Child Pornography Collector Characteristics" and "Background of the Investigation"), Agent Martin mentions outside sources on whom she relied for some information. Dkt. 37 at 3-4, Ex. A at ¶¶ 21, 33. Then he points out that in the three challenged sections, Agent Martin makes no reference to any other individuals with whom she conferred. Dkt. 37 at 5. Finally, the Defendant implicitly makes a series of unsubstantiated and unwarranted assumptions.

The first baseless assumption is that because Agent Martin explicitly incorporates the experience of others in some subsections of the search warrant, that she must have needed to bolster all sections in the affidavit with expert opinion. Despite the fact that the affidavit, by its opening paragraph, is explicitly anchored to Agent Martin's expertise, the Defendant nonetheless

offers the patently false and surprising claim that "no source–much less any information as to the qualifications of such source–for the challenged section[s] appear in the affidavit." Dkt. 37 at 5.

The next implicit assumption made by the Defendant, necessary to negate the impact of the opening paragraph of the search warrant affidavit, is that Agent Martin's sixteen years of law enforcement experience are an inadequate foundation for the three challenged sections, to such an extent that she would need to rely on the expertise of others to support every single section in the entire affidavit. Having declared, *ipse dixit*, that the three challenged sections must come from an expert and that Agent Martin is unqualified to be such an expert, the Defendant concludes that those three sections must be stricken for having an insufficient foundation.

The Defendant's argument crumbles at the touch. There is no reason to accept the Defendant's self-serving and unproven conclusion that "the sections of the affidavit Banks challenges consist of foundationless expert opinion,"and he offers none. Dkt. 37 at 7. Agent Martin properly relies on her own experience as the foundation for the three challenged sections, so does not need to describe the qualifications of any other sources of information. Having established her expertise at the start of the affidavit, it was simply unnecessary to repeat her qualifications at the opening of each subsection. Further, her experience and qualifications, based on seven years of investigating child exploitation crimes as part of a sixteen year career as a federal law enforcement officer, are beyond reproach. A detached and neutral Magistrate had the opportunity to question Agent Martin when she presented the application. Had the Magistrate had any reservations about Agent Martin's credibility, reliability, or qualifications, he could have denied the search warrant application. He did not. Banks suggests nothing which would warrant a reversal of the Magistrate's determination. *Illinois v. Gates*, 462 U.S. 213, 236 (1983) ("A

magistrate's determination of probable cause should be paid great deference by reviewing courts.")

The Defendant rests his claim concerning lack of foundation on two cases: *United States v. Weber*, 923 F.3d 1338 (9th Cir. 1991) and *United States v. Meek*, 366 F.3d 705 (9th Cir. 2004). Dkt. 37 at 7. Neither support his claim. In *Weber*, the search warrant application included information from an expert concerning the characteristics of collectors of child pornography. 923 F.3d at 1341. The issue before the Ninth Circuit in that case was whether the application also made sufficient allegations that the defendant himself was properly categorized as a child pornography collector. *Id.* at 1345. In *Meek*, the expert opinion included in the search warrant application was acceptable because it closely related to the actions of the defendant. 366 F.3d at 713.

The Defendant here does not allege that there is not a sufficient nexus between himself and the information in the three challenged sections, so *Weber* and *Meek* are irrelevant. Neither opinion stands for the proposition that a search warrant should fall when it includes expert opinion that is not credited to the correct source. Therefore, the Defendant's argument that the information in the three challenged sections lacks foundation and so should not have been considered by the Magistrate is grounded neither in law or in fact.

Normally, when a defendant accuses a law enforcement officer of making a material omission in a search warrant application, he requests what is known as a *Franks* hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). At such a hearing, the court undergoes a two-step inquiry. First, the court assesses whether the officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant. 438 U.S. at 155-56. If the court finds by a preponderance of the evidence that the officer acted improperly, the court then

5

analyzes whether there is still sufficient probable cause in the search warrant application if the tainted material is removed. *Id.* at 156. While the Defendant here implies that Agent Martin lacks the expertise to swear to the challenged sections and omits her true sources from the affidavit, he does not directly accuse her of any intentional or reckless omission of material information nor does he request (or make the preliminary showing necessary for) a *Franks* hearing. *Id.* (a defendant must make a substantial showing that the officer recklessly or knowingly made a material omission that was critical to the probable cause determination). *See also*, *United States v. Napier*, 436 F.3d 1133, 1139 (9th Cir. 2006) (search warrant affiant is afforded a presumption of validity).

If the Defendant did request a *Franks* hearing, his challenge would fail. First, as already mentioned, there is no allegation of intentional or willful misconduct, much less anything that would overcome the presumption of validity. Second, even without the three challenged sections, the search warrant affidavit still articulates sufficient probable cause to believe that the Defendant was involved in child pornography crimes from a computer at his Vista Avenue home. The heart of the probable cause in the search warrant application is in the section entitled "Background of the Investigation," which the Defendant admits has sufficient foundation. Dkt. 37 at 4. It is in that section that Agent Martin avers the details of her belief that (1) the defendant received images of child pornography via computer, (2) the defendant had recorded himself sexually abusing his two-year old grandson and transmitted the image over the internet, and (3) that the Defendant was the moderator of a WinMX chat room called "Kids Sex and Incest" where images of child pornography were being traded. Dkt. 37, Ex. A, ¶ 24-25, 35. Law enforcement officers were able to trace the moderator of that chat room first to a Boise-based internet service provider and then to the Defendant's home. *Id.* at ¶ 26, 30. Email accounts associated with the trading of

images of child pornography were traced to the Defendant and the Defendant's address. *Id.* at ¶ 29. Therefore, there is sufficient probable cause to support the issuance of as search warrant even without the three challenged sections.

The Ninth Circuit opinion in *United States v. Hay*, 231 F.3d 630 (9th Cir. 2000), is instructive. In that case, the defendant argued that the search warrant lacked sufficient probable cause in part because the affidavit "contained mostly generalized, boilerplate opinion testimony." 231 F.3d at 635. Rejecting the defendant's argument, the Ninth Circuit noted that the search warrant application included information that images of child pornography had been sent directly to the defendant's computer which had been placed in the defendant's house. *Id.* at 635-36. The search warrant application here similarly provides information that there was child pornography on Banks' computer at Banks' home. The expert language in both cases simply provides context and background information which supplements the other information establishing probable cause. While the challenged sections were properly included, the warrant application articulates sufficient probable cause even if they are discounted.

**II.     The Search Warrant is Facially Valid.**

As the United States reads the Defendant's Motion to Suppress, the Defendant frames his argument as one of specificity and not one of probable cause. That is, he does not claim that, without the three challenged sections discussed above, the search warrant lacks sufficient probable cause, but rather, that without the challenged sections the search warrant is facially invalid because it lacks sufficient particularity and is overbroad. Dkt. 37 at 5 ("the justification for the extreme breadth of the search and seizure [that] the warrant authorized came from sections of the Affidavit for which [A]gent Martin provided no foundation.") Therefore, the Defendant's assertion that the search warrant is facially invalid necessarily depends on acceptance of his claim

7

that the three challenged sections lack sufficient foundation.  As his threshold argument concerning foundation fails, so must his claim concerning particularity.

Even if the Defendant's argument concerning foundation prevailed, his argument is foreclosed by the Ninth Circuit's opinion in *United States v. Hill*, 459 F.3d 966 (9th Cir. 2006).  In *Hill*, the Defendant argued that the evidence taken from his computer should be suppressed because the search warrant application was fatally overbroad.. 459 F.3d at 973. First, the defendant argued that the warrant was overbroad because "it authorized the officers to seize and remove from his home his computer and storage media without first determining whether they actually contained child pornography." *Id.*  Like the Defendant here, Hill insisted that the officers conduct their search of the computer onsite. *Id.* at 974.  Although the warrant in *Hill* authorized a wholesale seizure of all computer equipment, there was no explanation in the affidavit as to why that would be necessary. *Id.* at 975.  Although the Ninth Circuit cautioned that "we do not approve of issuing warrants authorizing blanket removal of all computer storage media for later examination when there is no affidavit giving a reasonable explanation ... as to why a wholesale seizure is necessary," they nonetheless ultimately denied the defendant's claim that the evidence should have been suppressed even though the warrant was overbroad. *Id.* at 976-77.  As the Court of Appeals said

> the officer's wholesale seizure was flawed here because they failed to justify it to the magistrate, not because they acted unreasonably or improperly in executing the warrant.  Because the officers were 'motivated by considerations of practicality rather than by a desire to engage in indiscriminate fishing, we cannot say ... that the officers so abused the warrant's authority that the otherwise valid warrant was transformed into a general one, thereby requiring all fruits to be suppressed.' ... Therefore, we hold that the district court properly admitted the evidence of child pornography found on the defendant's computer storage media notwithstanding the lack of a sufficiently detailed supporting affidavit describing the need for wholesale seizure of such media.

*Id.* at 977 (internal citations omitted).  While the affidavit here did include such a justification, if it were disregarded for being based on an insufficient foundation, the evidence still should not be suppressed.

The defendant in Hill also argued that the search warrant was overbroad for not including a search protocol to limit "the officer's discretion as to what they could examine when searching the defendant's computer media, nor did the affidavit explain why such a protocol was unnecessary."  *Id.* at 977.  Again, the Ninth Circuit held that "we look favorably upon the inclusion of a search protocol; but its absence is not fatal."  *Id.* at 978.  Therefore, even if Agent Martin were not qualified to explain the search protocol and it was stricken from the affidavit, the warrant still stands and the evidence obtained from it can be admitted.

In addition, the Defendant's specificity argument depends on two steps: first, excising selected portions of the affidavit, and then declaring the warrant to be facially invalid.  None of the cases cited by the Defendant, Dkt. 37 at 9-10, nullify parts of a search warrant application and then determine the it to be facially invalid.  Rather, the validity of the warrant is determined based on what was originally authorized by the magistrate.  In *United States v. Kow*, 58 F.3d 423 (9th Cir. 1995), the search warrant authorized the seizure of every document and computer file at the location of a business, without any allegation that the entire business was dedicated to criminal activity. 58 F.3d at 427-28.  The Ninth Circuit's analysis was focused on the search warrant in its form as issued.  *Id.*  They did not hold that certain portions of the application were tainted, and that as a result the warrant lacked sufficient specificity.  Neither did the District Court of Vermont undergo the two-step process advanced by the Defendant, rather ruling on the warrant as it was

9

issued.  *United States v. Hunter*, 13 F.Supp.2d 574 (D.Vt. 1998).[1]  Taking the instant search warrant application as a whole as authorized by the Magistrate, it is sufficiently particular.

Furthermore, the cases relied on by the Defendant are distinguishable from this case.  In *Kow*, not only did the warrant authorize the seizure of every document and computer file, the warrant also failed to specify what the suspected criminal activity was.  58 F.3d at 427.  In this case, the focus of the warrant, both in terms of probable cause and items to be seized, is clearly on child pornography crimes.  The Ninth Circuit also faulted the search warrant issued in *Kow* for failing to limit the scope of the seizure to a time frame within which the suspected criminal activity took place because in that case, law enforcement knew when the criminal activity began, and that the targeted operation had engaged in legitimate business for years before there was any wrongdoing.  *Id.*  In this case, Agent Martin did not have any information which would have permitted such a limitation.

The Defendant relies on *Kow's* comment that the warrant in that case contained no limitation on which documents could be seized to bolster his complaint that "six of sixteen categories of items subject to seizure similarly omit any suggestion of how the items relate to any specific criminal activity."  Dkt. 37 at 9.  However, he makes no indication as to which six categories are infirm.  Since the United States cannot guess which categories cause the Defendant concern, it cannot respond meaningfully to the Defendant's argument.  However, the United States does maintain that, unlike the *Kow* warrant's request to seize all documents and computer files, all sixteen categories of information subject to seizure per the warrant here are sufficiently limited and related to criminal activity.  Categories 1, 3, 4, 5, 6, 7, 8, 9, 14, 16 all are tied directly

---

[1] In *United States v. Hay*, the Ninth Circuit found the search warrant to be valid.  231 F.3d 630 (9th Cir. 2000).

10

to the production or trafficking of child pornography. Category 2, which pertains to various computer software, including WinMX, permits law enforcement to seize software which can be used to read about, view, or discuss child pornography, pedophilia, or incest, or trade child pornography. Information concerning the internet service provider, as requested in Category 10, is needed to establish a nexus to interstate commerce. Because individuals can store data remotely, Category 11 seeks information concerning access to remote storage so that it may also be searched for contraband if a subsequent warrant is issued. Since the evidence suggested that the Defendant was producing child pornography, it was appropriate to ask for any instruments that might be used to do so, such as cameras and web cams, or any materials which might contain child pornography produced by the Defendant, such as films and videotape, as articulated in Category 12. Similarly, as the United States might need to prove that the children in the images are real, photographs of children are needed to identify any minors depicted in child pornography, per Category 13. Finally, the information sought in Category 15 is relevant to establish the identity of the person or persons using the computers. Therefore, all the categories of items to be seized related in some way to criminal activity. *Cf.*, *Hay*, 231 F.3d at 637 (warrant which sought seizure of computer hardware, computer software, records stored on computer media, computer instructions, visual depictions of child pornography, and materials which constitute evidence of the commission of criminal offenses or contraband was sufficiently particular because a more detailed description could not be provided).

As for *Hunter*, the issue there was a search through documents at an attorney's office. 13 F.Supp.2d at 579. That the warrant was limited in part by the names of the individuals involved was one factor among many going to the validity of the warrant. *Id.* at 582. There is obviously a greater need to specify an individual's name in the search of a lawyer's office, which has records

11

pertaining to numerous clients, than in the search of a home. In addition, the records sought in *Hunter* were documents, while the items to be seized here include illegal contraband, which law enforcement may seize regardless of to whom it belongs. Furthermore, in *Hunter*, the District Court also emphasized that "specifying the types of records sought, as was done in this case, avoids the risk of generality." *Id.* As the warrant here carefully enumerates the types of information subject to seizure, it is not improperly too general.

Because a court focuses on a time limitation or a connection to a certain individual when assessing the particularity of a given warrant in one case does not mean that those factors are dispositive in all cases. *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986) ("The specificity required in a warrant varies depending on the circumstances of the case and the type of items involved.") The proper focus of the inquiry is:

> (1) whether probable cause exists to seize all items of a particular type described in the warrant; (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not; and (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued.

*Id.* (internal citations omitted). As discussed above, there is sufficient probable cause to permit seizure of the enumerated items, even without the information in the challenged sections. As also discussed above, the items to be seized are expressly tied to child pornography crimes. Finally, it would not have been possible for the United States to be more specific in describing the items to be seized. Therefore, the search warrant issued in this case is sufficiently particular.

Finally, the Defendant argues that search warrant is overbroad because it permitted agents to seize the computer materials prior to searching them. Dkt. 37 at 10. Even though the search warrant application explained why the computer would need to be examined off-site, Dkt. 37, Ex.

A at 17-19, the Defendant argues that there was not a sufficient foundation for that section and it should be excised. Dkt. 37 at 10. Without that section, there was no justification to remove the computer. *Id.* As already explained, there is sufficient foundation for that particular section, so the Defendant's contorted logic fails. The Magistrate was presented an explanation, which he clearly found to be credible, as to why the computers must be seized. Therefore, the search warrant was not overbroad.

### III.    The Agents Relied on the Search Warrant in Good Faith.

Evidence obtained pursuant to a facially-valid search warrant which is later found to be invalid is not subject to suppression if the officers rely on the warrant in good faith. *United States v. Leon*, 468 U.S. 897 (1984). The good faith exception applies unless reliance on the warrant is objectively unreasonable, the magistrate wholly abandoned his judicial role, or the magistrate was mislead by information that the affiant knew or should have known to be false. *Id.* at 922-23. For an agent's reliance on a warrant to be unreasonable, the warrant must be so lacking of any indication of probable cause or be "so facially deficient-*i.e.,* in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid." *Id.* at 923. In this case, there is no indication of judicial impropriety or agent misconduct. Further, it is extremely reasonable for a sixteen-year law enforcement veteran, having articulated the need to seize computers and search them off site and having described a method for conducting such a search, to rely on that expertise, especially when it was implicitly accepted by the Magistrate when he authorized the warrant. Therefore, even if the warrant is determined to be facially invalid, the evidence should not be suppressed as it was seized in good faith.

**Conclusion**

For the above-state reasons, the Defendant's motion to suppress the evidence seized from his home should be denied.

Dated: September 22, 2006	Respectfully submitted,
	THOMAS E. MOSS
	UNITED STATES ATTORNEY
	by


	_____
	/s/ James M. Peters
	Assistant United States Attorney



	_____
	/s/ Alexandra Gelber, Trial Attorney
	United States Department of Justice
	Child Exploitation and Obscenity Section

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Response to Defendant's Motion to Suppress was served on all parties named below this 22nd day of September, 2006.

      ___ United States Mail, postage prepaid

      ___ Hand delivery

      ___ Facsimile Transmission (fax)

      ___ Federal Express

      _x_ ECF Filing

Mr. Dennis M. Charney  
Charney Law Office  
951 East Plaza Drive, Suite 140  
Eagle, Idaho 83616

                                                                /s/ James M. Peters