*THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
*JAMES M. PETERS, WSB NO. 7295*
*ASSISTANT UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA, PLAZA IV*
*800 PARK BOULEVARD, SUITE 600*
*BOISE, IDAHO  83712-9903*
*TELEPHONE:  (208) 334-1211*

*ALEXANDRA GELBER, DC BAR # 473773*
*TRIAL ATTORNEY, UNITED STATES DEPARTMENT OF JUSTICE*
*CHILD EXPLOITATION AND OBSCENITY SECTION*
*1400 NEW YORK AVENUE NW, SUITE 600*
*WASHINGTON DC 20530*
*TELEPHONE: 202-307-1316*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 06-051-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM IN RESPONSE** |
| v. | ) | **TO DEFENDANT'S MOTION TO** |
| | ) | **SEVER** |
| JERRY LEVIS BANKS, SR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW the United States Attorney for the District of Idaho and responds to the

Defendant's Motion to Sever Counts Three and Seven of the Second Superseding Indictment.

Motion to Sever Count Seven

The Defendant argues that Count Seven, which charges the Defendant with using a

facility of interstate commerce in an attempt to persuade an individual he believed to be a minor

to engage in a criminal sex act, was improperly joined with the other counts in contravention of

- 1 -

Fed. R. Cr. P. 8(a).  In the alternative, the Defendant argues that Count Seven should be severed from the remaining counts pursuant to Fed. R. Cr. P. 14, which permits the Court to sever counts in the interests of justice.  The Defendant cites no case law in support of his claim that attempted enticement and child pornography offenses are "distinct and separate crimes with distinct and separate natures," or that the temporal difference between the counts alone warrants severance. Dkt. 31, pg. 4.  The United States maintains that charges involving sexually explicit images of minors engaging in sexually explicit conduct can properly be joined with counts based on the statutes of the Mann Act, 18 U.S.C. § 2241, *et seq.  See*, *e.g.*, *United States v. Hersh*, 297 F.3d 1233 (11th Cir. 2002) (rejecting the defendant's claim that the district court should have severed the child pornography counts from travel and transportation counts).  However, the United States does not oppose the Defendant's motion in this case to sever Count Seven.  Given the logistics involved in bringing certain witnesses for the remaining counts, the United States respectfully requests that the trial of counts involving sexually explicit images of minors proceed on the November 13, 2006, trial date, with the trial of Count Seven to take place at a date to be scheduled later.

We note for the Court that the victim and primary witness for Counts VII and VIII is the same person, Linda Martin of Long Beach, CA.  Ms. Martin's physician wrote on July 10, 2006 advising that her patient has serious physical ailments including congestive heart failure, hypertension, morbid obesity, depression, chronic shortness of breath and significant lower extremity swelling that make "any long travel and visits away from her primary health care providers strongly advised against."  The Government wrote to the physician on September 13, 2006, asking for an update on Ms. Martin's condition and an opinion whether she could travel by

- 2 -

plane to Boise the week of November 13 to testify.  After the physician replies and we get closer

to trial and know Ms. Martin's physical condition, the United States may move the Court to

sever Count 8 so that Ms. Martin only need travel to Boise once, or in the alternative, seek to

depose her.

<u>Motion to Sever Count Three</u>

The Defendant also argues that Count Three, which charges the Defendant with

producing an image of a minor engaged in sexually explicit conduct, should also be severed and

tried separately.  The Defendant does not rely on Fed. R. Cr. P. 8(a) in support of his motion, but

rather basis his entire argument on the discretionary severance provision found in Fed. R. Cr. P.

14. Dkt. 31, pg. 7.  The "heavy burden" the Defendant must meet to establish that counts should

be severed under Rule 14 is "whether joinder is so manifestly prejudicial that it outweighs the

dominant concern with judicial economy and compels the exercise of the court's discretion to

sever."  *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976).  The Defendant fails to

meet that burden.

The Defendant offers two reasons why the Court should sever Count Three.  First, he

claims that "there is no evidentiary overlap between Count 3 and the remaining Counts,

destroying any benefit to the Court or judicial economy in a joint trial."  Dkt. 31 at 6.  That is

untrue.  In addition to being accused of producing the video in Count Three, the Defendant is

accused of possessing it (Count Two) as well as transporting it (Count Four).  The United States

also alleges that the Defendant received additional sexually explicit images of minors from the

individual to whom he sent the video he had produced (Count Five).  Therefore, the video that

the Defendant is accused of producing is directly related to the other counts charging him with

possessing, transporting, or receiving sexually explicit images of minors.  Given the evidentiary interdependence of all the counts involving sexually explicit images of minors, there is no manifest prejudice in trying the counts together.  In addition, it would be a waste of judicial resources to have two trials in which a substantial portion of the evidence would be presented twice.  *United States v. Anderson*, 642 F.2d 281, 284 (9th Cir. 1981) (severance is not required by Rule 14 when the "joined counts are logically related and there is a large area of overlapping proof").

        Next, the Defendant claims that the he is "prejudiced by the fact that the joint trial allows the government to load the jury with information on as much potential wrongdoing by the Defendant [as] possible."  Dkt. 3, pg. 6.  Elaborating, the Defendant adds "[b]ut for the inclusion of all these charges in one indictment, a jury would never be allowed to hear evidence of the Defendant's possession of child pornography when trying to determine whether he, in fact, produced child pornography."  *Id.*  Critical to an analysis of the prejudicial impact of joining separate crimes is whether evidence of one crime would be admissible in a separate trial for the other crimes.  *United States v. Begun*, 446 F.2d 32 (9th Cir. 1971) (per curiam).  If the answer is in the affirmative, joinder of the counts is not prejudicial.  *Id.*  In this case, evidence that the Defendant possessed, received, or transported sexually explicit images of minors would be admissible at a trial that he produced such material, primarily because the Defendant is accused of possessing and transporting the video he produced, and he is accused of receiving other similar images in exchange for sending that video to another individual.  Further, that the Defendant collected and traded sexually explicit images of minors would be relevant to his motive and intent in producing the same.  *United States v. Forrest*, 429 F.3d 73 (4th Cir. 2005)

- 4 -

(in case involving production and possession of child pornography, district court did not abuse its discretion by admitting pornographic and non-pornographic photographs of adult males to rebut claim that images at issue were taken for "innocent investigatory purposes"); *United States v. Raney*, 342 F.3d 551 (7th Cir. 2003) (homemade adult pornography was properly admitted in case of attempted production of child pornography as probative of defendant's intent to produce homemade child pornography).[1]

Inculpatory evidence, by its very nature, is always prejudicial, but there is nothing substantially prejudicial about presenting evidence of production and possession of sexually explicit images of minors to a single jury. In fact, it is routine for defendants to be tried jointly on charges of production and receipt, distribution, or possession of child pornography. *See*, *e.g.*, *United States v. Tank*, 200 F.3d 27 (9th Cir. 2000) (affirming conviction for conspiring to produce images of child pornography, conspiring to receive and distribute child pornography, and distribution of child pornography).[2] Indeed, the United States could not find a single federal case in which a court severed a charge of production of child pornography from charges of trafficking or possession of child pornography.

Were the Defendant's argument accepted that joining production and possession counts was excessively prejudicial, it would be difficult to craft a limiting principle which would avoid

---

[1] Furthermore, the trial court can use a limiting instruction to cure any risk of prejudice caused by a joint trial. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

[2] See also, *United States v. Peterson*, 68 Fed.Appx. 84 (9th Cir. 2003) (affirming conviction for seven counts of production, distribution, and possession of child pornography); *United States v. Weir*, 52 Fed.Appx. 423 (9th Cir. 2002) (affirming sentence of defendant who pled guilty to production and possession of child pornography). These unpublished cases are not cited as precedent, but only to show that trial courts in this Circuit routinely allow related counts to be tried together.

all production counts from being severed from all possession counts.  Put another way, the

Defendant points to nothing unique about his case which would subject him to undue prejudice if

all the counts were joined.  It would be perverse to permit the Defendant to tax judicial economy

by requiring separate trials simply because he violated more than one provision criminalizing

activity related to sexually explicit images of minors.

Conclusion

For the above-stated reasons, the Defendant's motion to sever Count Three should be

denied.  The Government has no objection to the Court granting his motion to sever Count

Seven.  After hearing from Linda Martin's physician, and ascertaining her physical condition

shortly before trial, the Government may approach the Court to suggest that Count Eight be

severed as well so that Ms. Martin has to travel to Boise to testify only once, or, alternatively to

approach the Court for an Order to Depose Ms. Martin.

Dated:  September 22, 2006                    Respectfully Submitted,

                                              THOMAS E. MOSS
                                              UNITED STATES ATTORNEY


                                              _____
                                              /s/ James M. Peters
                                              Assistant United States Attorney


                                              _____
                                              /s/ Alexandra Gelber, Trial Attorney
                                              United States Department of Justice
                                              Child Exploitation and Obscenity Section.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the

District of Idaho, and that a copy of the foregoing Memorandum in Response to Defendant's Motion

to Sever was served on all parties named below this 22nd day of September, 2006.

___ United States Mail, postage prepaid

___ Hand delivery

___ Facsimile Transmission (fax)

___ Federal Express

_x_ ECF Filing

Mr. Dennis M. Charney
Charney Law Office
951 East Plaza Drive, Suite 140
Eagle, Idaho 83616

_____
/s/ James M. Peters