IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. CR. 06-051-S-WBS |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: PRETRIAL MOTIONS |
| JERRY LEVIS BANKS, SR., | |
| Defendant. | |

----oo0oo----

Defendant has filed motions to exclude evidence of his prior conviction, to sever certain counts of the indictment for trial, to dismiss the indictment as multiplicitous, to exclude photographs, and to suppress evidence. Counsel have agreed that each of these motions may be decided on the moving and opposing papers without the need for evidentiary hearing or oral argument. Defendant's motion to suppress will be discussed in a separate written opinion. This memorandum and order deals with defendant's remaining pretrial motions.

**I. Motion to Exclude Prior Conviction**

Defendant seeks an order precluding the government from introducing evidence of his 1990 conviction on two counts of lewd

1

conduct with a minor under the age of sixteen.  Rule 414 of the Federal Rules of Evidence provides that:

> In a criminal case in which the defendant is accused of an offense of child molestation,[1] evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Therefore, evidence of defendant's prior conviction is not rendered inadmissible by Rule 404(b).  See United States v. Sioux, 362 F.3d 1241, 1243 (9th Cir. 2004)(holding Rule 414 supersedes the restriction of Rule 404(b) by establishing a presumption - but not a blank check - favoring the admission of propensity evidence involving charges of sexual misconduct).

The inquiry does not end there, however.  The court still must exercise its discretion under Rule 403, whenever appropriate, to exclude evidence the prejudicial effect of which substantially outweighs its probative value.  United States v. Lemay, 260 F.3d 1018, 1026 (9th Cir. 2001).  This inquiry involves the balancing of a number of factors that can best be determined during the course of trial.  See Doe ex rel. Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1268-70 (9th Cir. 2000). Accordingly, the court will reserve its ruling on the admissibility of defendant's prior conviction under Rule 403 until the time of trial after hearing the government's opening statement and other evidence.

///

---

[1] For purposes of Rule 414, "offense of child molestation" means a crime under Federal law . . . that involved . . . any conduct proscribed by chapter 110 of title 18, United States Code, which includes sexual exploitation of a minor as charged in several counts of the Second Superseding Indictment in this case.  Rule 414(d)(2).

**II.  Motion to Sever Counts**

Defendant moves to sever counts 3 and 7 from the remaining counts for trial.  The government does not oppose the motion to sever count 7,[2] but opposes the motion to sever count 3.

Defendant is charged in count 3 with using a person under the age of eighteen to engage in sexually explicit conduct for the purpose of producing visual depictions (a video computer file entitled TEST.wmv) of such conduct.  In count 2 of the Second Superseding Indictment, defendant is charged with possessing the TEST.wmv file; and in count 4, he is charged with transportation of that same file.  Rule 14(a) of the Federal Rules of Criminal Procedure does not require severance of count 3.  Indeed, it is common for a defendant to be tried jointly on charges of production, possession and distribution of child pornography. See United States v. Tank, 200 F.3d 27 (9th Cir. 2000)(affirming conviction for conspiring to receive and distribute child pornography and distribution of child pornography).

Moreover, because defendant is charged with possessing and distributing the images he allegedly produced, evidence related to all of those charges would likely be admissible even in separate trials on the various counts of the indictment.  Accordingly, count 3 will not be severed for trial.

**III.  Motion to Dismiss Indictment as Multiplicitous**

Defendant argues that counts 1 and 2 of the Second

---

[2] The court has been informed that the government intends to move to dismiss count 7 without prejudice, and that defendant will not oppose such motion.

Superseding Indictment are multiplicitous.  "An indictment is multiplicitous when it charges multiple counts for a single offense, producing two penalties for one crime and thus raising double jeopardy questions." United States v. Stewart, 420 F.3d 1007, 1012 (9th Cir. 2005).

Both counts 1 and 2 charge violations of 18 U.S.C. § 2252(a)(4)(B).  The significant difference between the two counts is that count 1 charges defendant with unlawful possession of images on compact disks, whereas count 2 charges him with possession of images on computer hard drives and one jump drive. Under similar facts, a District Judge in Arizona found that images contained on different physical media, such as a hard drive and compact disks, constituted separate "matters" within the meaning of section 2252(a)(4)(B), and may thus be charged in separate counts. United States v. Flyer, 2006 WL 2590459 (D.Ariz. Sept. 7, 2006)(citing United States v. Lacy, 119 F.3d 742 (9th Cir. 1997)).

The government points out that the Second Superseding Indictment was drafted in this manner because the evidence connecting the defendant to the compact disks in count 1 is different from the evidence to connect him to the computer and jump drive in count 2, in that his fingerprints were found on the covers of three of the four compact disks.  As in Flyer, "[c]harging these violations separately is logical, it will avoid jury confusion, and . . . will allow the jury and the Court to separately analyze the elements and defenses as to each medium forming the basis of the separate counts." Flyer, at *3.

United States v. Kimbrough, 69 F.3d 723 (5th Cir.

1995), cited by defendant, does not compel a contrary result. First, as a Fifth Circuit case it is not binding on this court. Second, in that case all counts went to the jury, and the appellate court affirmed the judgment on the non-multiplicitous counts and remanded to the trial court to vacate the conviction on either one of the counts found to be multiplicitous and to resentence on the other if it chose to do so.  That is consistent with what the court will do here.  Defendant's motion to dismiss the indictment on the ground of multiplicity will be denied, but the court will consider a request to sentence on only one or the other of counts 1 and 2, or to merge both counts for purposes of sentencing, in the event that the jury finds defendant guilty on both of those counts.

**IV.  Motion to Exclude Photographs**

Defendant moves to exclude publication of the allegedly pornographic images to the jury.  Defendant has offered to stipulate that with the exception of one video entitled "test.wmv" the visual depictions found on the disks, hard drives, and jump drive, and the images allegedly transported in interstate commerce, constituted child pornography.[3] Citing Old Chief v. United States, 519 U.S. 172 (1997), and United States v. Merino-Balderrama, 146 F.3d 758, 761 (9th Cir. 1998), defendant argues that the court should require the government to accept the

---

[3] The court assumes for purposes of this ruling that defendant's offer is tantamount to an offer to stipulate that the images show "minors engaging in sexually explicit conduct."  The court also assumes for purposes of ruling on this motion that the offer to stipulate that the materials affected interstate commerce includes an offer to stipulate that the materials were transported in interstate or foreign commerce.

5

stipulation and exclude the images under Rule 403.

It is not true that the stipulation would establish all of the elements of the charges except the identity of the possessor. The government seeks to offer the images to prove the element of scienter. Both 18 U.S.C. § 2252(a)(1) and § 2252(a)(4)(B) require proof that the defendant knew that the images were of sexually explicit conduct and further knew that at least one of the persons engaged in that conduct was a minor. The court can understand why the government would want to show at least selected images to the jury in order to support an inference that the possessor must have known they involved both sexually explicit conduct and minors engaging in that conduct.

This case is unlike Merino-Balderrama. There, the Ninth Circuit acknowledged that the government was entitled to introduce images to prove scienter notwithstanding defendant's proffered stipulation. The court held only that the images which were offered – films depicting children engaged in sexually explicit conduct – were less probative than other, less prejudicial images – the covers of the boxes – to show knowledge on the part of the defendant, and that the district court therefore abused its discretion by allowing the government to use the films instead of the box covers.

The government has assured the court that it does not seek to shock the jury or prejudice the defendant. Instead, it seeks to present its case "free from any defendant's option to stipulate the evidence away." Old Chief, 519 U.S. at 189. Here, the court can minimize the prejudicial effect by limiting the number of images published to the jury, and through proper voir

1  dire and limiting instructions.  See United States v. United
2  States District Court for the Eastern District of California, ___
3  F. ___, 2006 WL 2806820 (C.A.9 (Cal.)), 06 Cal. Daily Op. Serv.
4  9339, 2006 Daily Journal D.A.R. 13,374.  Accordingly, the motion
5  to exclude the images in their entirety will be denied.
6           IT IS SO ORDERED.
7  DATED:  October 24, 2006

                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE