IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

UNITED STATES OF AMERICA

        Plaintiff,

   v.

JERRY LEVIS BANKS, SR.,

        Defendant.

NO. CR. 06-051-S-BLW-WBS

MEMORANDUM AND ORDER RE:
MOTION TO SUPPRESS

----oo0oo----

      Defendant Jerry Banks moves to suppress any and all evidence seized by the government while executing a search warrant on his premises, on May 21, 2005.

I.   Factual and Procedural Background

      On May 10, 2005, detectives from the Edmonton, Canada Police Station executed a warrant at Shon Lindstrom's residence, based on disclosures made to a detective by Lindstrom's two step-children that he had sexually molested them. Lindstrom's computer hard drive was seized, and a preview of the contents displayed images clearly identifiable as child pornography. During interviews with Lindstrom, he indicated to detectives that

1

some of the incidents of abuse were captured by a web camera and shared via the Internet with a person named Jerry Banks. Lindstrom further indicated that Banks told him that he had a grandson named Jason, and that Banks had sexually abused Jason and recorded and shared the incidents with Lindstrom via the Internet. The detectives subsequently viewed videos on Lindstrom's computer to corroborate Lindstrom's story.

Lindstrom provided the detectives with three e-mail addresses that he said belonged to Banks. When subpoenaed, Microsoft Corporation indicated that two of them were subscribed to by Jerry Banks, 2133 Vista Avenue, Boise, Idaho 83705.[1] Lindstrom also stated that Jerry Banks, known as "papasmurf" online, was the moderator and host of a pedophile Internet chat group titled "Kid Sex and Incest." Detectives assumed Lindstrom's identity in the online chat room, and observed that an individual named "#c51#Papasmurf733" appeared to be the moderator and host of the room. Inquiry into the identity and location of that individual revealed an Internet Protocol address ("IP address") that was leased by Jerry and Kathryn Banks, 2133 Vista Avenue, Boise, Idaho.

On May 19, 2005, FBI Special Agent Mary Martin, affiant, was provided with a Canadian police report detailing the facts above, and began an investigation regarding defendant Banks. On May 20, 2005, Agent Martin contacted detective Phillippe Dubord, of Tampa, Florida, who was trained to enter

---

[1] The third email address was a personal, free account, which does not require any personal information be provided by the user.

2

websites such as the "Kid Sex and Incest" chat room in an undercover capacity.  Dubord entered the "Kid Sex and Incest" site, and found numerous files with known child pornography titles that were available for download from various users' folders.

On May 21, 2005, Agent Martin executed an affidavit in support of a warrant, authorizing the search of Banks' residence for evidence of crimes relating to child pornography.  (Mot. to Suppress Ex. A ("Affidavit").)[2]  The magistrate issued the warrant, which authorized, in essence, seizure of any computer or video equipment, and documents related to online accounts that could be used to produce, store or send pornographic material. The warrant was executed that day and a wide array of computer equipment and related items was seized.

Banks now moves to suppress the evidence seized by the government, arguing that the warrant was inadequately specific in violation of the Fourth Amendment.

II.  Discussion

"Search warrants must be specific.  'Specificity has two aspects: particularity and breadth.'  Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant is limited by the probable cause on which the warrant is based.'" United States v. Hill, 469 F.3d 966, 973 (9th Cir. 2006) (citing United States v. Towne, 997 F.2d 537, 544 (9th Cir. 1993).  To this end, defendant attacks the evidence seized under the warrant

---

[2]  The warrant listed in detail sixteen categories of items to be seized.

on two main grounds: that it was not sufficiently particular and that it was overbroad.

A. <u>Particularity</u>

"The Fourth Amendment requires that a warrant particularly describe both the place to be searched and the person or things to be seized. The description must be specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." <u>United States v. Spilotro</u>, 800 F.2d 959, 963 (9th Cir. 1986). However, the specificity required varies depending on the circumstances of each case and the types of items involved--warrants "which describe generic categories of items are not necessarily invalid if a more precise description of the items subject to seizure is not possible." <u>Id.</u> (citing <u>United States v. Cardwell</u>, 680 F.2d 75, 78 (9th Cir. 1982)). Defendant argues that the warrant at issue was insufficiently specific because the items subject to seizure were not adequately related to: 1) any alleged criminal conduct; 2) a time frame during which the crime may have occurred; and 3) an individual alleged to have committed the crime. (Reply at 4.)

With regard to the failure to relate the items to a specific crime, defendant cites to <u>United States v. Kow</u>, which accurately noted the Ninth Circuit's repeated criticism of "the failure to describe in a warrant the specific criminal activity suspected." 58 F.3d 423, 427 (9th Cir. 1995). Defendant argues that six of the sixteen sections, describing the categories of

4

items to be seized, fail to refer to criminal activity.[3]  (Reply at 5.)  Defendant fails to observe, however, that when the Ninth Circuit has invalidated a warrant for failing to cite to specific criminal activity, the fatal flaw has been the complete lack, <u>anywhere in the warrant</u>, of an indication of the criminal conduct allegedly committed.  <u>Kow</u>, 58 F.3d at 427 (noting that "the warrant failed to give <u>any</u> indication of the alleged crime to which the seized documents pertained") (emphasis added); <u>United States v. Stubbs</u>, 873 F.2d 210, 212 (9th Cir. 1989) ("[The warrant] contained no reference to any criminal activity.  The warrant merely described broad classes of documents without specific description of the items to be seized."); <u>Cardwell</u>, 680 F.2d at 77 (invalidating a warrant because there was no link to particular criminal episodes or behaviors).  The Constitutional violation thus occurs because the warrant is devoid of "<u>any</u> standard by which an executing officer could determine what to seize."  <u>Stubbs</u>, 873 F.2d at 211 (emphasis added).

     By contrast, in this case, it is quite clear from the face of the warrant that the search related to criminal possession, production and/or transportation of child pornography

---

[3] The six challenged sections are: Category Two, which pertains to computer software, including operating systems, applications, utilities, compilers and communications programs; Category Ten, which pertains to any and all records relating to accounts with an ISP; Category Eleven, which pertains to any and all records relating to, or software for accessing, online storage of files; Category Twelve, which pertains to any and all cameras, web cams, film, videotapes, or other photographic equipment; Category Thirteen, which pertains to any and all visual depictions of minors, whether or not sexually explicit; and Category Fifteen, which pertains to any and all records pertaining to the occupancy or ownership of the premises in question.

and the visual depiction of minors engaged in sexually explicit conduct.  As defendant himself observes, the ten sections to which he does not object contain explicit and repeated mention of this specific criminal conduct.[4]  (Reply at 5.)  Defendant's hyper-technical reading of the cases above runs afoul of Supreme Court authroity, which has stated clearly that courts are to read a "warrant in a common sense fashion."  Cardwell, 680 F.2d at 77 (citing United States v. Ventresca, 380 U.S. 102 (1965)); Andresen v. Maryland, 427 U.S. 463, 479-482 (1976) (rejecting a particularity challenge because the relationship between the items to be seized and the alleged criminal conduct was "clear from the context").  In this instance, there is a clear, common-sense, logical nexus between the items described in those six categories and the crimes listed elsewhere throughout in the warrant.  Indeed, many of the disputed categories authorize seizure of items which are directly necessary for adequately processing and searching items listed in the undisputed categories.  Therefore, the May 21, 2005, warrant has given a more than adequate "indication of the alleged crime to which the seized [items] pertained."  Kow, 58 F.3d at 427.[5]

---

[4]  Categories One, Three, Four, Five, Six, Seven, Eight, Nine, Fourteen, and Sixteen all contain language relating to the production, possession, receipt or distribution of child pornography, child erotica or the visual depiction of minors engaged in sexually explicit conduct.

[5]  Defendant is of course correct that the analysis of the validity of the warrant must focus on its form "as issued."  Kow, 58 F.3d at 427-28; (Reply at 6 (citing Opposition at 9).)  As such, efforts by the government to further clarify the specificity of the warrant after its issuance (such as the government's discussion on page eleven of its opposition) can not save an otherwise invalid warrant.  (Reply at 6; Opp'n at 11.)

Additionally, a warrant authorizing seizure "without referencing child pornography or any particular offense conduct [sic] or being narrowed by specific acts, time frames or persons," will <u>not</u> be found invalid, when no more specific description was possible. <u>United States v. Hay</u>, 231 F.3d 630, 637 (9th Cir. 2000). In <u>Kow</u>, the court invalidated a warrant which failed to limit the search to a particular time frame, "even though [the officer's] affidavit indicate[d] that the alleged criminal activity began relatively late in [defendant corporation's] existence." <u>Kow</u>, 58 F.3d at 427. By contrast, in this case the government did not know exactly when or how often Banks and Lindstrom had exchanged illegal pornographic files. Thus, there was no information available to them that would have supported a more specific indication of the time frame of the criminal conduct.

Finally, for the proposition that a warrant must also be limited by the "name" of the individual being investigated, defendant cites to <u>United States v. Hunter</u>, 13 F. Supp. 2d 574 (D. Vt. 1998). <u>Hunter</u>, however, involved a search of the office of a lawyer who was allegedly involved in money laundering. The court merely observed that sections of a warrant were sufficiently particular because they "identified the [lawyer's] records by time period and by the individual, entity, or property involved." <u>Id</u>, at 482. Thus, in that instance the warrant was appropriately focused by the names of defendant's particular

---

For the reasons explained above, however, the warrant at issue here does not fail in regards to specificity and thus does not need saving.

<u>clients</u> that were within the government's knowledge at the time. There is no requirement, as defendant repeatedly asserts, that the warrant must name the person who is alleged to have committed a crime.[6] A warrant, by definition, must be specific to a particular <u>place</u>. See <u>Spilotro</u>, 800 F.2d at 963 (A warrant must "describe both the <u>place</u> to be searched and the person or things to be seized.") (citing U.S. Const. amend. IV).

This court cannot see how the six disputed categories could have been more narrowly focused. The warrant, as issued, was sufficiently particular so as to alert officers as to the criminal conduct at issue, and to adequately enable them to determine what to seize.

B. <u>Breadth</u>

A warrant must also be "no broader than the probable cause on which it is based." <u>United States v. Weber</u>, 923 F.2d 1338, 1342 (9th Cir. 1991) (citing <u>VonderAhe v. Howland</u>, 508 F.2d 364 (9th Cir. 1974)). In this respect, courts have noted how the traditional practice of searching for particular items, and then subsequently seizing them, is uniquely complicated when searching and seizing computers and the data they contain. See <u>Hill</u>, 469 F.3d at 973-75. The nature of the technology often necessitates that "blanket seizures" occur as a primary matter, so that a subsequent search (which may take days or weeks of work by various technical experts) may be conducted off-site. <u>Id.</u> at 975; <u>Hay</u>, 231 F.3d at 637. Of course, "the government must still demonstrate to the magistrate <u>factually</u> why such a broad search

---

[6] This court also notes that it is not bound by the decisions of the District Court of Vermont.

and seizure authority is reasonable in the case at hand." Id.

To this end, in the affidavit at issue in this case, Agent Martin includes several sections detailing the "Background on Computers and Child Pornography," as well as the "Specifics of Search and Seizure of Computer Systems" and the "Search Methodology to be Employed." As defendant correctly notes, these sections constitute Agent Martin's justification for the breadth of the warrant requested, as the court in Hill explained was necessary. (Mot. to Suppress 5.)

Defendant proffers an unusual objection to these three sections of Agent Martin's affidavit. Instead of disputing the substance, defendant asserts that each of these sections lacks an adequate evidentiary foundation--specifically, that Agent Martin has failed to specify the source of her knowledge in those particular areas. Thus, because these three sections lack foundation, defendant argues, there is no means by which a magistrate could have concluded that the information was reliable.

Defendant's argument that Agent Martin neglected to establish the foundation for her knowledge is plainly contradicted by the first paragraph in the affidavit, which describes Martin's qualifications in detail.[7] Martin then goes on

---

[7] "I have been employed as a Special Agent of the FBI for sixteen years and am currently assigned to the Salt Lake City Division, Boise Resident Agency. Since joining the FBI, I have been involved in investigations of Bank Fraud, Health Care Fraud and Crimes Against Children. Since approximately 1998 I have been assigned to investigate Sexual Exploitation of Children violations of federal law. I have gained expertise in the conduct of such investigations through training in seminars, classes, and everyday work related to conducting these types of

9

to explain that "[t]he statements in this Affidavit are based in part on information provided by Detectives of the Edmonton Police Department, Edmonton, Alberta, Canada, FBI Task Force detective Phillippe Dubord, Tampa, FL, others referenced in the body of this affidavit and <u>on my investigation of this matter</u>." Defendant does not challenge these credentials, but instead merely points to two other sections in the affidavit, where Martin makes explicit mention of additional sources for the information contained therein.

      The lack of such explicit mention at the beginning of the three challenged sections of the affidavit does <u>not</u> mean, as defendant asserts, that foundation is lacking for the information in those sections. Such a reading of the affidavit is not reasonable, when Agent Martin so clearly established the basis for her knowledge at the outset. See <u>Illinois v. Gates</u>, 462 U.S. 213, 235 (1983) (citing <u>Ventresca</u>, 380 U.S. at 108) ("[The courts] have recognized that affidavits 'are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleading have no proper place in this area.'"); <u>see also</u> <u>United States v. Napier</u>, 436 F.3d 1133, 1139 (9th Cir. 2006) ("[A] search warrant affiant is afforded a presumption of validity.") (quoting <u>Franks v. Deleware</u>, 438 U.S. 154, 171 (1978)). There is no technical requirement that an affiant repeatedly highlight, at the beginning of each section (or

---

investigations. I have attended Crimes Against Children training sponsored by the FBI and am currently the Crimes Against Children coordinator for the FBI in Idaho." (Mot. to Suppress Ex. A ("Affidavit") ¶ 1.)

10

sentence or paragraph for that matter), the basis for the knowledge therein.  Indeed, such a requirement would be duplicitous, purposeless, and would constitute an unnecessary focus on form over function.  Morever, even if such a requirement did exist, it would be eminently reasonable for a magistrate to infer that the affiant's qualifications, established elsewhere in the affidavit, applied to facts discussed throughout.  See United States v. Rowland, 145 F.3d 1194, 1205 (10th Cir. 1998) ("In making the probable cause determination, the issuing magistrate may draw reasonable inferences from the material.").

Defendant's attempts at severing the three challenged sections from the affidavit are without merit.  Thus, reading the affidavit as a whole, it does not appear that the warrant was overbroad, given the specific difficulties that accompany the search and seizure of computer systems.  See, e.g., Hill, 469 F.3d at 973-75; United States v. Lacy, 119 F.3d 742, 746 (9th Cir. 1997) (allowing for blanket seizure of defendant's entire computer system); Hay, 231 F.3d at 637 (authorizing seizure of an "entire computer system and virtually every document" in defendant's possession because, although the officers knew some child pornography was sent to defendant's computer, they had no way of knowing where it was stored); United States v. Upham, 168 F.3d 532, 535 (1st Cir. 1999) (holding that the seizure and subsequent search of a computer and all available disks was the narrowest definable search likely to obtain the images in question).  Therefore, this court sees no reason to disturb the magistrate's finding of probable cause to issue a warrant.  See Illinois v. Gates, 462 U.S. 213, 236 (1983) ("A magistrate's

1  'determination of probable cause should be paid great deference
2  by reviewing courts.'") (quoting Spinelli v. United States, 393
3  U.S. 410, 419 (1969)).[8]
4          IT IS THEREFORE ORDERED that defendant's motion to
5  suppress the evidence from the May 21, 2005, search and seizure,
6  be, and the same hereby is, DENIED.
7  DATED: October 27, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[8] Because the court has determined that the warrant was sufficiently particular and not overbroad, it need not address the issue of the officers' good faith reliance on an otherwise invalid warrant. United States v. Leon, 468 U.S. 897 (1984).