UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 06-051-S-BLW |
| Plaintiff, | ) | |
| | ) | **STIPULATIONS OF FACT** |
| v. | ) | |
| | ) | |
| JERRY LEVIS BANKS, SR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Defendant and the Government have stipulated to certain facts that shall be deemed by the trier of fact to have been conclusively proved in this case. The trier of fact should treat these facts as having been proved beyond a reasonable doubt.

### Stipulation as to Count One

With regard to Count One of the Second Superseding Indictment, the Defendant stipulates as follows:

(1) each file specified in Count One contains a visual depiction of a minor, that is, an image or a video of an actual person under the age of 18-years, engaged in sexually explicit conduct;

(2) the production of such visual depictions involved the use of minors, that is, persons under the age of 18 years, engaged in sexually explicit conduct;

1

(3) the images traveled in interstate or foreign commerce, and were produced using material that had been transported in interstate or foreign commerce; and

(4) the images are of such a nature that the person possessing them would know that (a) the visual depictions showed minors engaged in sexually explicit conduct; and (b) the production of such visual depictions involved the use of minors engaged in sexually explicit conduct.

## Stipulation as to Count Two

With regard to Count Two of the Second Superseding Indictment, the Defendant stipulates as follows:

*Except as to the digital movie file entitled "TEST.wmv,"*

(1) each file specified in Count Two contains a visual depiction of a minor, that is, an image or a video of an actual person under the age of 18-years, engaged in sexually explicit conduct;

(2) the production of such visual depictions involved the use of minors, that is, persons under the age of 18 years, engaged in sexually explicit conduct;

(3) the images traveled in interstate or foreign commerce, and were produced using material that had been transported in interstate or foreign commerce; and

(4) the images are of such a nature that the person possessing them would know that (a) the visual depictions showed minors engaged in sexually explicit conduct; and (b) the production of such visual depictions involved the use of minors engaged in sexually explicit conduct.

2

## Stipulation as to Count Six

With regard to Count Six of the Second Superseding Indictment, the Defendant stipulates as follows:

(1) the visual depictions listed in Count Six were received in interstate or foreign commerce by any means, including a computer;

(2) the production of such visual depictions involved the use of a minor, that is, a person under the age of 18 years, engaged in sexually explicit conduct;

(3) the visual depictions show a minor engaged in sexually explicit conduct; and

(4) the images are of such a nature that the person receiving them would know (a) the visual depictions show a minor engaged in sexually explicit conduct, and (b) the production of such visual depictions involved the use of a minor engaged in sexually explicit conduct.

## Stipulation as to Count Eight

With regard to Count Eight of the Second Superseding Indictment, the Defendant stipulates as follows:

(1) the visual depictions listed in Count Eight were transported in interstate or foreign commerce by any means, including a computer;

(2) the production of such visual depictions involved the use of minors, that is, persons under the age of 18 years, engaged in sexually explicit conduct;

(3) the visual depictions showed minors engaged in sexually explicit conduct; and

3

(4)  the images are of such a nature that the person transporting them would know (a) the visual depictions showed minors engaged in sexually explicit conduct, and (b) the production of such visual depictions involved the use of minors engaged in sexually explicit conduct.

## Stipulation as to Digital Evidence From Computers and
## Jump Drive Alleged in Count Two

The Defendant stipulates that Exhibits 1A, 2A, 3A, and 4A are discs that contain digital evidence that was recovered by FBI forensic examiners from three computers and one Lexar jump drive that were seized by the FBI from the garage/office at 2133 Vista Avenue, Boise, Idaho on May 21, 2005. More specifically, the Defendant stipulates that,

Exhibit 1A     contains the evidence recovered from **Exhibit 1, the HP e-Vectra computer, serial number TW02202103. The disc marked as Exhibit 1B contains the files that are specifically charged in Count Two of the Second Superseding Indictment that were recovered from this computer.**

Exhibit 2A     contains the evidence recovered from **Exhibit 2, the HP e-Vectra computer, serial number TW02403845. The disc marked as Exhibit 2B contains the files that are specifically charged in Count Two of the Second Superseding Indictment that were recovered from this computer.**

4

Exhibit 3A    contains the evidence recovered from Exhibit 3, the HP e-pc e-Vectra computer, serial number US14105211. The disc marked as Exhibit 3B contains the files that are specifically charged in Count Two of the Second Superseding Indictment that were recovered from this computer.

Exhibit 4A    contains the evidence recovered from Exhibit 4, the Lexar jump drive, 512MB, serial number JDS512-40-520E. The disc marked as Exhibit 4B contains the files that are specifically charged in Count Two of the Second Superseding Indictment that were recovered from this Lexar jump drive.

This stipulation is in lieu of producing the computer technicians who imaged the three computers and the jump drive and extracted the data that is on the exhibits. This stipulation shall include waiver of evidentiary foundation, authenticity, best evidence and hearsay with respect to the contents of these Exhibits.


### Stipulation as to Digital Evidence from Shon Lindstrom's Computer

The Defendant stipulates that Exhibit 9 is a disc containing exact copies of four files found by Canadian investigators on the Tigar computer tower, serial number BR0304116, seized from Shon Lindstrom's residence on May 10, 2005. Those files include:

"TEST.wmv"

8Month_0280.JPG

8Month_0281.JPG

aug29sept1_0195.JPG

This stipulation is in lieu of producing the computer, the person who imaged the computer and the forensic examiner who extracted these files from the computer.

<u>**Evidence of Identification by Shon Lindstrom**</u>

The Defendant and the United States stipulate that during a recorded interview with Canadian investigators on May 17, 2005, Shon Lindstrom described Jerry Banks, Sr. as follows: "White, older man, dark to dirty blonde hair, lines on his forehead, "crows feet," around 60-65 years old, glasses and a moustache, had a goatee, a slender man."

The Defendant and the United States also stipulate that on September 26, 2006, Det. Randy of the Edmonton Police Services showed Shon Lindstrom Exhibit 27, which is a photo array containing 6 photos of white men, and asked Lindstrom if he recognized any of them. Lindstrom was unable to identify any of the people in the photo array.

**<u>Identification & Chain of Custody - Evidence Recovered by SA Steve Mayeda</u>**

The parties have stipulated to the identification and chain of custody on certain items that FBI Special Agent Steven Mayeda obtained on October 6, 2005 from Linda Susan Martin, of 220 East Allington St, Long Beach CA.

The parties agree that the documents and photos that are in Exhibits 12 and 12 A through 12M inclusive, are the same items Special Agent Mayeda obtained from Ms. Martin on October 6, 2005 and that they are in the same condition as when he received them from Ms. Martin.  This stipulation is in lieu of producing the Agent to identify these documents as the same ones he received from Ms. Martin.

## Evidence Seized from Defendant at the U.S. - Mexico Border

The parties have stipulated that at approximately 9:40 a.m. on April 2, 2006 the Defendant, Jerry Levis Banks, Sr., was arrested based on a warrant issued by a United States Magistrate Judge for charges arising out of this case.  He was arrested as he was crossing the border from Mexico into the United States at the San Ysidro Port of Entry in California.  The Defendant was driving a Plymouth Voyager Van and was traveling alone.

At the time of his arrest, the Defendant was wearing a silver-colored ring on his left ring finger, and a silver-colored watch on his left wrist.  The Defendant stipulates that the envelope marked Exhibit 23 contains the watch and ring that he was wearing at the time of his arrest.

## Business Records

The parties have stipulated to the authenticity of the following business records without the necessity of authentication by the custodians of records, and agree that they are what they purport to be. The parties stipulate that Exhibit 29 are records from Qwest Communications for telephone numbers 208-344-2406, 208-344-2404, 208-794-3072 and 208-794-7770 for the dates stated on the records.

The parties have also stipulated to the authenticity of Exhibit 33. which is comprised of 13 pages of documents from Microsoft Corporation. The parties agree that the records are what they purport to be and that the custodian of records need not be produced to authenticate them.

Dated: 11- 06- 06

Dennis Charney
Attorney for the Defendant

Dated: 11-6-06

James M. Peters
Assistant United States Attorney

8

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2006, the foregoing **Stipulations of Fact** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Dennis M. Charney        dennis_charney@msn.com; assistant@charneylawoffice.com

Katherine J. Fritze
Legal Assistant