DENNIS M. CHARNEY, ISB #4610
Attorney at Law
951 East Plaza Drive, Suite 140
Eagle, Idaho 83616
Telephone: (208) 938-9500
Facsimile: (208) 938-9504

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. CR06-0051-S-BLW |
| v. | ) TRIAL BRIEF |
| JERRY LEVIS BANKS, SR., | ) |
| Defendant. | ) |

## Marital Privilege

Kathryn Banks' testimony is barred by the marital privilege. The marital privilege allows Jerry Banks to prevent his wife from testifying against him at trial. Specifically, the Government's sole basis for asserting that Mrs. Banks' testimony is admissible is the extension of an exception not yet recognized by the Ninth Circuit. The marital privilege as currently recognized in the Ninth Circuit, however, requires the court to deem Kathryn Banks' testimony inadmissible.

The Federal Rules of Evidence base the application of the marital privilege in common law. In its pretrial brief, the government correctly notes that the Ninth Circuit currently recognizes two types of marital privilege; namely, the testimonial privilege and the marital

TRIAL BRIEF - 1

privilege. The testimonial privilege permits a witness-spouse to refuse to testify against the defendant-spouse, if the witness so chooses. The marital privilege, on the other hand, may be asserted by the defendant-spouse. Specifically, a defendant-spouse may prevent the other spouse from testifying to (1) words or acts intended as communications to the other spouse, (2) made during a valid marriage, (3) if the communications were confidential. *See United States v. Griffin*, 440 F.3d 1138, 1143-44 (9th Cir. 2006). Notably, the Government does not contend that the communications in question fail to meet the three-part test outlined in *Griffin*. (*See* Government's Trial Brief, pp. 12-13.)

Instead, the Government asks this Court to extend a recognized exception to the marital privilege beyond its current limitations. The Ninth Circuit currently recognizes an exception to the marital privilege where the crimes charged against the defendant-spouse involve an offense against the witness-spouse or either spouse's children. *See United States v. White*, 974 F.2d 1135, 1138 (9th Cir. 1992). The logic behind such a rule is that "courts have found that a defendant-spouse may not commit abuse and then hide behind the marital privilege to shield himself from criminal prosecution based on that abuse." *Id.*

However, as currently recognized in the Ninth Circuit, the exception does not apply to the present case. The child involved in the allegations against Mr. Banks is the couple's grandchild, not their child. As such, the marital privilege still bars Mrs. Banks' testimony. Presumably, the Government recognized this fact and, as a result, asks this Court to rely on the logic outlined in *United States v. Bahe*, a Tenth Circuit case, to admit Mrs. Banks' testimony. (*See* Government's Trial Brief, p. 13; *United States v. Bahe*, 128 F.3d 1440, 1446 (10th Cir. 1997).) In support of its position, the Government contends that public policy considerations weigh in favor of the "truth finding process" and should result in the admission of Mrs. Banks' testimony.

**TRIAL BRIEF - 2**

However, this Court should reject the Government's attempt to extend the recognized exception beyond its current bounds. Any further erosion of the marital privilege should be approached cautiously. This is so because the recognition of marital privilege is supported by several important public policy concerns. *See Trammel v. United States*, 445 U.S. 40, 43-44, 100 S.Ct. 906, 909, 63 L.Ed.2d 186, 190 (1980). The marital privilege exists to promote marital harmony and stability as well as respect human privacy, especially in the context of the marital relationship. *See* 2 Louisell & Mueller, *Federal Evidence* § 219, 637-38 (1978)). Also, "it is unseemly, even offensive to many, to use the power of the state to force revelation of marital confidences." *Id.* In addition, "this protected privacy, and the confidence between spouses which it encourages, are utterly essential to the complete fulfillment of marriage." *Id.* The privilege "provides support for the institution of marriage itself—a proposition which is sound even if it be conceded that spouses do not consciously rely upon the privilege in confiding in one another." *Id.*; *Stein v. Bowman*, 38 U.S. 209, 223, 10 L.Ed. 129, 136 (1839).

The forgoing justifications for the recognition of the marital privilege are longstanding and sound. Although the Government contends that "public policy considerations ought to weigh in favor of the truth finding process," the public policy considerations supporting the recognition of the marital privilege take precedence. American jurisprudence has long since established that in many cases the search for truth must take a back seat to the preservation of confidences in marriage. Further, other than pointing to the Tenth Circuit's decision, the Government offers no reason why the decision's logic should override the marital privilege and its supporting public policy concerns. On the other hand, serious damage would be inflicted on the marital relationship, the institution of marriage, and individual privacy rights if the exception recognized by the Ninth Circuit were further widened.

**TRIAL BRIEF - 3**

Defendant Banks objects to the admission of his wife's testimony, contending it violates the marital privilege. Both the decisions of the Ninth Circuit and public policy concerns support the invocation of the marital privilege. The Government has failed to justify the further expansion of the pre-existing exception. As such, this Court should prevent Kathryn Banks from testifying at trial about any matters covered by the marital privilege.

RESPECTFULLY SUBMITTED this 10th day of November, 2006.

/s/
_____
DENNIS M. CHARNEY
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of November, 2006, a true and accurate copy of the foregoing was electronically filed with the United States District Court.

/s/
_____
DENNIS M. CHARNEY

TRIAL BRIEF - 4