*THOMAS E. MOSS*
*UNITED STATES ATTORNEY*
*JAMES M. PETERS, WSB NO. 7295*
*ASSISTANT UNITED STATES ATTORNEY*
*DISTRICT OF IDAHO*
*WASHINGTON GROUP PLAZA, PLAZA IV*
*800 PARK BOULEVARD, SUITE 600*
*BOISE, IDAHO 83712-9903*
*TELEPHONE: (208) 334-1211*

*ALEXANDRA GELBER, DC BAR # 473773*
*TRIAL ATTORNEY, UNITED STATES DEPARTMENT OF JUSTICE*
*CHILD EXPLOITATION AND OBSCENITY SECTION*
*1400 NEW YORK AVENUE NW, SUITE 600*
*WASHINGTON DC 20530*
*TELEPHONE: 202-307-1316*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRY LEVIS BANKS, SR.,<br><br>Defendant. | Case No. 06-051-S-BLW<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION IN LIMINE** |

On November 1, 2006, Defendant filed a motion in limine seeking to exclude numerous items of evidence which the United States intends to offer at trial. Dkt. 64. The Defendant's arguments are without merit, and the evidence should be admitted.

I. Handwritten List of Websites

First, the Defendant seeks to exclude a handwritten list of websites, arguing that there is

no indication as to when the list was created and that the evidence is irrelevant. Dkt. 64 at 2. That list is part of United States Exhibits 16, 17 and 20. Taking the Defendant's second argument first, the ultimate issue in this case is one of identity and knowledge. *See*, *e.g.*, Dkt. 35 (Defendant's Motion to Exclude Photographs), pg. 5 ("The only remaining dispute centers on the identity of the possessor.") Several witnesses will identify the handwriting on those exhibits as the Defendant's. Another witness will testify that the words in the website names are commonly associated with child pornography. The United States will also argue that some of the website names are obviously suggestive of children, nudity, and sex. Therefore, this list is relevant to the issue of identity, intent, and knowledge, as it connects the Defendant directly to web sites suggestive of children and sex.

As for the creation date, the lack of information establishing when the document was created can be a factor when deciding what weight to give to the evidence, but it is not a bar to the admission of the evidence. The evidence suggests the document cannot reasonably have been created before March, 2002, since the Defendant was incarcerated between 1990 and March, 2002. Furthermore, when the document was created is less critical than the fact that the document was found among the Defendant's things at the time of the search. Therefore, the list of web sites should be admitted.

II. Cartoon Images

Next, the Defendant seeks to exclude a book of cartons, including Simpsons characters and Japanese anime which depict children engaged in sexually explicit conduct. Those cartoons are marked as United States Exhibit 15. Defendant argues that the cartoons are not relevant, that the cartoons are legal to possess, and that there is no evidence suggesting that Defendant owned

the cartoons. Dkt. 64 at 2. The admissibility of the cartoons does not turn on whether possessing them is legal or illegal. The United States plans to present witnesses who will testify that the Defendant personally showed them that book of cartoons. Furthermore, testimony will establish that the binder of sexually explicit cartoons was found in the same desk where the discs at issue in Count One, two of the computers and the jump drive at issue in Count Two were found. As with the web sites, the cartoons put sexually explicit images of minors in the hands of the Defendant, which is relevant to the issue of identity and knowledge even if the cartoons are not images of real children. Therefore, the cartoons should not be excluded.

III. The Canadian Witness and Related Evidence

The Defendant asks this Court to prohibit the United States from "offering any evidence or testimony indicating that [the Canadian witness] is currently incarcerated for sexually deviant behavior." Dkt. 64 at 3. The Defendant's concern is that such testimony or evidence would suggest that he is guilty by association. *Id.* Had this case been tried before a jury, the United States would have proposed a limiting instruction which would caution the jury that as a general matter they could not consider the Canadian's convictions when deciding the Defendant's guilt, and that it would be particularly inappropriate to do so in this case because (without the Canadian's testimony) there would be no evidence showing that the Defendant knew that the Canadian had prior convictions for molesting children. As the Court will be the factfinder, such an instruction is unnecessary. If the Court hears testimony concerning the status of the Canadian witness simply as part of events leading to the investigation of Banks, it can be trusted not to consider that evidence with deciding whether the United States has met its burden of proof. As there is no reason to be concerned that this Court would convict the Defendant simply for his

association with another convicted pedophile, there is no reason to exclude such testimony.

The Defendant goes on to argue that evidence taken from the Canadian witness's computer should be excluded as irrelevant and as impermissible hearsay. Dkt. 64 at 3. The United States plans to offer four items from the Canadian's computer: TEST.wmv and three images of an infant who will be identified as JB, who is also the child depicted in TEST.wmv. That evidence is marked as United States Exhibits 9, 9A, 9B, and 9C.

First, those files are not hearsay. Federal Rule of Evidence 801 defines a statement as "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." None of the evidence which will be introduced from the Canadian's computer falls into either definition, so they are not statements. As they are not statements, it follows that they cannot be hearsay. *See*, F.R.E. 801(c) ("'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.")

Second, the presence of TEST.wmv on the Canadian's computer is highly relevant because it proves that the file was transported in interstate and foreign commerce, one of the elements of the offense charged in Count Four.

Third, the three other images of JB are relevant because they form an integral part of the investigative process, and because they establish a connection between the Defendant and the Canadian. More specifically, testimony will establish that there was a CD found in a linen drawer in the Defendant's house, and that the CD contained scores of images of JB, three of which match the ones found on the Canadian's computer. The CD is marked as United States Exhibit 28. While the three images are not illegal depictions of minors engaged in sexually

explicit conduct, they are among the only three images on that CD which depict a minor in the nude. Collectively, this evidence suggests that the source of the TEST.wmv file is the same as the source of the three images of JB, and that the source is someone inside the 2133 Vista Avenue house. Moreover, the images from the Canadian's computer will suggest a pattern of behavior when considered with other evidence. Linda Martin will testify that she received from Jerry Banks, Sr., also known as "papasmurf," photos of Defendant's wife holding an infant, along with images of child pornography. Linda Martin is the key witness as to Count Eight. *See* Exhibits 12 H and I.

Finally, the Defendant seeks to exclude a transcript of a chat during which the TEST.wmv file is transmitted from a computer in the Defendant's garage to an individual using the screen name "bigdaddy." Dkt. 64 at 3. The April 29, 2005, chat to which the Defendant refers is marked as United States Exhibit 40D. The Defendant seeks to exclude this evidence because it is impermissible hearsay, has not been properly authenticated, and because no witnesses will be presented who can testify as to who was actually engaging in the chat as it transpired.

As for the hearsay argument, the chat transcript is not hearsay because it is an admission of the Defendant. *See* Federal Rule of Evidence 801(d)(2) ("A statement is not hearsay if ... the statement is offered against a party and is (A) the party's own statement ...) To the extent the Defendant contends that he was not the individual who was participating in the chat, it is still admissible as a statement against interest, as statements in the transcript reflect that the person sending the video was aware of its sexually explicit content. *See* Federal Rule of Evidence 804(b)(3) ("the following are not excluded by the hearsay rule if the declarant is unavailable as a

witness: ... a statement which was at the time of its making ... so far tended to subject the declarant to civil or criminal liability ... that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Finally, expert testimony will explain that chat transcripts are created in real time. Therefore, even if it were hearsay, the chat transcript records the present sense impression of the participants, and so falls into an exception to the hearsay category. *See* Federal Rule of Evidence 803(1) ("the following are not excluded by the hearsay rule, even though the declarant is available as a witness: ... a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." While the United States maintains that all the chat transcripts, if hearsay, come within the scope of the present sense impression exception to the hearsay rule, it is particularly applicable to the April 29, 2005 chat because the individual who transmitted the TEST.wmv video had to send it three times before it was successfully transferred, which is discussed by the parties participating in the chat.[1]

As for authentication, the expert witness who found the transcript on the computer will testify that the transcript admitted into evidence is a printed copy of what he found on a copy of the computer taken from the Defendant's garage. That is sufficient for authentication and admissibility under Federal Rules of Evidence 901(b)(1), 1001(3), and 1002. Finally, the United States need not provide an eyewitness who can testify that they saw the person who typed the

---

[1] The United States also notes that portions of the chat transcript are not statements by any individual, but are notations made by the software indicating that the file has been transferred and accepted. Those notations are not statements, as they are a record of computer activity and not an assertion by a human. Therefore, should the Court exclude the rest of the transcript, those lines pertaining to the transfer of the file are still admissible as they are not hearsay.

chat in order for the transcript to be admitted. Any question concerning the identity of the typist goes to the weight the evidence should have, not its admissibility. Therefore, the transcript should be admitted.

Dated: November 10, 2006

Respectfully Submitted,

THOMAS E. MOSS
UNITED STATES ATTORNEY

/s/ James M. Peters
James M. Peters
Assistant United States Attorney

/s/ Alexandra Gelber
Alexandra Gelber
Trial Attorney
United States Department of Justice
Child Exploitation and Obscenity Section

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2006, the foregoing United States' Response to Defendant's Motion in Limine was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Dennis M Charney dennis_charney@msn.com; assistant@charneylawoffice.com

/s/ Katherine J. Fritze
Katherine J. Fritze
Legal Assistant