THOMAS E. MOSS
UNITED STATES ATTORNEY
JAMES M. PETERS, WSB NO. 7295
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA, PLAZA IV
800 PARK BOULEVARD, SUITE 600
BOISE, IDAHO  83712-9903
TELEPHONE:  (208) 334-1211

ALEXANDRA GELBER, DC BAR # 473773
TRIAL ATTORNEY, UNITED STATES DEPARTMENT OF JUSTICE
CHILD EXPLOITATION AND OBSCENITY SECTION
1400 NEW YORK AVENUE NW, SUITE 600
WASHINGTON DC 20530
TELEPHONE: 202-307-1316

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 06-051-S-BLW-WBS |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S RESPONSE** |
| v. | ) | **TO DEFENDANT'S TRIAL BRIEF** |
| | ) | |
| JERRY LEVIS BANKS, SR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In his trial brief, the Defendant urges this court to prevent his wife from testifying. Dkt. 74.  Privileges in federal court are governed by Federal Rule of Evidence 501, which states:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court subject to statutory authority, the privilege of a witness. . . shall be governed by the principles of the common law as they have been interpreted by the courts of the United States in light of reason and experience.

When the Defendant states that the "marital privilege as currently recognized in the Ninth Circuit ... requires the court to deem Kathryn Banks' testimony inadmissible," he is flatly wrong on the law. Dkt. 74 at 1. Reason and experience show that the marital communications privilege is not as sacrosanct as Banks suggests. As the United States explained in its trial brief, there are two marital privileges. *United States v. Vo*, 413 F.3d 1010, 1016 (9th Cir. 2005). First, there is the testimonial privilege, in which a witness-spouse may refuse to testify against a defendant-spouse. *Id.* The right to invoke that privilege, however, rests solely with the witness-spouse, so the Defendant cannot rely on that privilege to bar his wife's testimony. *Trammel v. United States*, 445 U.S. 40, 52-53 (1980). There is also a spousal communications privilege. *Vo*, 413 F.3d at 1016. Significantly, the communications privilege does not absolutely prevent a spouse from testifying. If invoked by one of the spouses, it only prevents the witness-spouse from testifying as to private communications between the husband and wife, but the witness-spouse may still testify as to things she saw or did personally. *United States v. Ferris*, 719 F.2d 1405, 1408 (9th Cir. 1983) (communications privilege did not bar wife from testifying that she saw LSD in the trunk of her husband's car). Furthermore, the witness-spouse may also testify to communications that were not confidential. *United States v. Marashi*, 913 F.2d 724, 730 (9th Cir. 1990) (presence of third-party during communication destroys the privilege). Therefore, the Defendant may not invoke the communications privilege to prevent his wife from testifying altogether. (Indeed, most of Mrs. Banks testimony does not concern things that Banks told her privately.) The only issue properly raised by the Defendant is whether he can prevent his wife from testifying about things he told her privately.

The marital communications privilege, provides that "[c]ommunications between the

spouses, privately made, are generally assumed to have been intended to be confidential, and hence they are privileged." *Wolfle v. United States*, 291 U.S. 7, 14 (1934). The Ninth Circuit has held that "[t]he privilege (1) extends to words and acts intended to be a communication; (2) requires a valid marriage; and (3) applies only to confidential communications, i.e., those not made in the presence of, or likely to be overheard by, third parties." *United States v. Montgomery*, 384 F.3d 1050, 1056 (9th Cir. 2004).  The privilege is subject to the well-established exception where one spouse commits an offense against the other, or either spouse's children. *United States v. White* 974 F.2d 1135, 1138 (9th Cir. 1992) (citing *United States v. Allery*, 526 F.2d 1362, 1366-67 (8th Cir. 1975)).  An "offense against the other" has been broadly interpreted to include any physical, mental or moral injury committed against the other spouse. *Allery*, 526 F.2d at 1365 (citing *Wyatt v. United States,* 362 U.S. 525, 526 (1960)).

There is no Ninth Circuit case directly on point with respect to abuse against a grandchild in the home of the defendant and his spouse.  However, the Tenth Circuit has extended this exception to any child relative visiting the home. *United States  v. Bahe*, 128 F.3d 1440, 1446 (10th Cir. 1997) (collecting cases and holding as matter of Circuit precedent that spousal confidential communications privilege does not extend to "spousal testimony relating to the abuse of a minor child within the household").  The *Bahe* Court cogently explained that its refusal to extend the privilege to shield communications relevant to child abuse was thoroughly justified by consideration of the purpose behind the privilege:

> "Child abuse is a horrendous crime. It generally occurs in the home ... and is often covered up by the innocence of small children and by threats against disclosure. It would be unconscionable to permit a privilege grounded on promoting communications of trust and love between marriage partners to prevent a properly outraged spouse with knowledge from testifying against the perpetrator of such a

crime."

*Id*. at 1446 (citation omitted).

Following the logic of *Bahe* and extending the Ninth Circuit's holding in *White* from children to grandchildren in the home is not the radical evisceration of marital privilege that the Defendant claims, particularly where, as here, the Defendant also molested the child's father. A privilege deeply rooted in society's interest in promoting marital harmony and stability must surely wither when the defendant-spouse is accused of abusing the infant progeny of that marriage, in the marital home, whether it be of the first or the second generation. *See*, *Marashi*, 913 F.2d at 730 ("we have emphasized that we will narrowly construe the marital communications privilege because it obstructs the truth-seeking process. Use of the privilege in criminal proceedings requires a particularly narrow construction because of society's strong interest in the administration of justice") (internal citations omitted), *United States v. Murphy*, 65 F.3d 758, 761 (9th Cir. 1995).

The Ninth Circuit instruct courts to balance the interests of the privilege and justice and also to consider applicable state law when determining whether the privilege properly applies. *United States v. Griffin*, 440 F.3d 1138, 1143 (9th Cir. 2006), *cert. denied*, 127 S.Ct. 259 (Oct. 2, 2006). In *Griffin*, the Ninth Circuit relied on federal common law and California state law when deciding that the marital communications privilege did not prohibit the disclosure of letters sent by incarcerated defendant to his wife. *Id* at 1142.

Under Idaho law, Banks could not prevent his wife from testifying. The Idaho marital privilege against spousal testimony in criminal trials is covered under Idaho Rule of Evidence 504 and Idaho Code §§ 19-3002 and 9-203. Rule 504 creates an exception to the husband-wife

communications privilege for communications made with respect to a child "in a criminal or civil action or proceeding as to a communication relevant to an issue concerning the physical, mental, or emotional condition of or injury to a child, or concerning the welfare of a child including, but not limited to the abuse, abandonment, or neglect of a child." Rule 504 is not limited to communications made with respect to children of either the defendant or witness spouse.

The relevant portion of Idaho Code § 19-3002 provides that the spouse of a defendant will not be considered a competent witness for or against the defendant. One exception to that rule is in criminal cases involving acts of lewd conduct with a minor child. Significantly, that section the Idaho code does not require the child to be a blood relation of the defendant, whereas here the Defendant and the victim are related by blood. The relevant portion of Idaho Code § 9-203 provides that the witness spouse cannot be examined in a criminal proceeding as to any communication made by one spouse to the other during the marriage, without the consent of the defendant spouse. This statute also lists several exceptions, one of which is "any case of lewd and lascivious conduct or attempted lewd and lascivious conduct where either party would otherwise be protected by privilege." I.C.§ 9-203. In this provision, the Idaho Code does not require the involvement of a child at all, much less a relation. If the Defendant were tried in Idaho state courts for these crimes, he could not prevent his wife from testifying. Therefore, he should not be able to invoke a privilege in federal court that he could not rely on in state court.

The Court must balance the interests of marital harmony with the public interest in the administration of justice here. While fostering family peace is important, a serious crime against a grandchild is an offense against family harmony and society as well. *Allery*, 526 F.2d at 1366. Applying marital privilege in a case where the spouse or either spouse's child is the victim is

inconsistent with the policies underlying marital privilege. *White*, 974 F.2d at 1138 (citing *Allery*, 526 F.2d 1362, 1366).  The same logic applies when the victim is the grandchild of the defendant and the testifying spouse.  In balancing marital harmony with the public interest in justice, the Court should find that marital communications privilege inapplicable to the defendant's wife.  Here, the public interest is particularly important, because the Defendant, a registered sex offender, pled guilty and served twelve years in prison for molesting his son, the father of the infant he is currently accused of molesting during the act of producing child pornography.

Dated: November 11, 2006                    Respectfully Submitted,


                                            THOMAS E. MOSS
                                            UNITED STATES ATTORNEY


                                            /s/ James M. Peters
                                            James M. Peters
                                            Assistant United States Attorney


                                            /s/ Alexandra Gelber
                                            Alexandra Gelber
                                            Trial Attorney
                                            United States Department of Justice
                                            Child Exploitation and Obscenity Section

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2006, the foregoing Response to Defendant's Trial Brief was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Dennis Charney
951 East Plaza Drive
Suite 140
Eagle, Idaho 83616

/s/ James M. Peters
James M. Peters
Assistant United States Attorney