1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT

11            FOR THE DISTRICT OF IDAHO

12                ----oo0oo----

13

14 JERRY LEVIS BANKS, SR.,          CASE NO. CV. 1:10-183 BLW

15          Petitioner,             (NO. CR. 06-051-S-WBS)

16      v.                          MEMORANDUM AND ORDER RE:
                                    MOTION TO VACATE, SET ASIDE OR
17 UNITED STATES OF AMERICA,        CORRECT SENTENCE PURSUANT TO
                                    28 U.S.C. § 2255
18          Respondent.

19 _____/

20

21                ----oo0oo----

22          Petitioner Jerry L. Banks, Sr., moves to vacate, set

23 aside or correct his conviction and sentence pursuant to 28

24 U.S.C. § 2255 and requests appointment of counsel to represent

25 him in these proceedings.

26 I.   Factual and Procedural Background

27          On April 20, 2006, petitioner was indicted on two

28 counts of possession of sexually explicit images of a minor, one

                          1

count of production of sexually explicit images of a minor, three counts of transmission of sexually explicit images of a minor by computer, one count of receiving sexually explicit images of a minor, one count of attempted interstate enticement, and one count of criminal forfeiture.  After a bench trial, petitioner was found guilty on counts one through four, six, eight, and nine and sentenced to life in prison plus sixty years.[1]  United States v. Banks, No. 06-cr-00051 (D. Idaho Apr. 16, 2007).  Petitioner subsequently appealed to the Ninth Circuit, which affirmed his conviction.  United States v. Banks, 556 F.3d 967 (9th Cir. 2009).

On April 5, 2010, petitioner filed the instant motion pursuant to 42 U.S.C. § 2255 to vacate, correct, and set aside his sentence, containing six claims of ineffective assistance of counsel at trial and one claim of ineffective assistance of counsel on appeal.  Currently before the court are petitioner's motion for appointment of counsel and the government's motion to dismiss petitioner's § 2255 motion.

II.  Discussion

To prevail on a § 2255 motion, a petitioner must allege facts that, if true, would entitled him to relief.  United States v. Rodrigues, 354 F.3d 818, 824 (9th Cir. 2003).  "If it plainly appears from the motion, any attached exhibits, and the records of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."  Section 2255 R. 4(b).  A court must grant an evidentiary hearing on a

---

[1]  Counts five and seven were dismissed before trial. (Docket No. 97.)

prisoner's § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Chacon-Palomares, 208 F.3de 1157, 1159 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). The court may accordingly deny a prisoner's § 2255 motion without a hearing if his allegations "do not state a claim for relief or are so palpably incredible or so patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).

A.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show "(1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) that the deficient performance rendered the results of [the] trial unreliable or fundamentally unfair." Cox v. Ayers, 588 F.3d 1038, 1046 (9th Cir. 2009) (citing Strickland v. Washington, 466 U.S. 668 (1984)). The Supreme Court has recognized that a claim for ineffective assistance of counsel "must satisfy both prongs of [this] test in order to prevail." Smith v. Robbins, 528 U.S. 259, 289 (2000).

Counsel's performance is so deficient that it falls below an objective standard of reasonableness when the behavior complained of fails to meet "prevailing professional norms." United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir. 1996). However, in

> analyzing the performance of counsel, judicial scrutiny is deferential. The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. The burden is on

3

> petitioner to identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

Cox, 588 F.3d at 1046. A failure to raise a meritless issue does not amount to ineffective assistance of counsel because the defendant is not prejudiced by the omission. Id. at 17.

To demonstrate prejudice, the movant must show that there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In determining if movant was prejudiced, the court must consider the totality of the evidence before the trial judge. Id. at 695.

1.  Rule 29 Motions

Petitioner's first through fourth claims are that counsel was deficient in failing to "motion the court for relief under Rule 29." Under Federal Rule of Criminal Procedure 29, "after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Petitioner argues that there was insufficient information produced at trial on which the judge might render a decision, in regard to the charges for possession, transportation, and production of child pornography. Evidence is sufficient to sustain a conviction if, viewed in the light most favorable to the government, it would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. United States v. Stoddard, 150 F.3d 1140, 1144 (9th Cir. 1998).

4

It must be remembered that this was not a jury trial; the undersigned judge was the trier of fact. "'In a bench trial, the judge, acting as the trier of both fact and law, implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty.'" United States v. Brobst, 558 F.3d 982, 1000 (9th Cir. 2009) (citing United States v. Atkinson, 990 F.2d 501, 503 (9th Cir. 1993) (en banc)). By entering a guilty verdict, the court evaluated the record and found the evidence sufficient to sustain a conviction. Banks, No. 06-cr-00051 (D. Idaho Apr. 16, 2007). Accordingly, counsel's failure to make a Rule 29 motion could not have impacted the outcome of the trial because in rendering its guilty verdict the court implicitly decided that the evidence was sufficient to sustain a conviction. See United States v. Atkinson, 990 F.2d 501, 503 (9th Cir. 1993).

### 2. Computer Ownership

Petitioner also argues that his counsel failed to inform the court that computers seized by police, which contained child pornography, were not petitioner's personal property but rather the property of his corporation, Bankscom Electronics Incorporated ("Bankscom"). Proof that the computers were owned by Bankscom would have had no effect on the court's verdict. The evidence clearly established that petitioner and Bankscom were for all practical purposes one and the same.

Bankscom was a corporation registered in the state of Idaho that had its office in petitioner's garage at 2133 Vista Avenue in Boise, Idaho. At trial, petitioner's wife and daughter testified that petitioner "had a corporation" named Bankscom Electronics (Transcript of Record ("TR") at 481:1-4.) Petitioner

5

stipulated that the FBI recovered three computers and other electronic evidence introduced at trial from his garage, which is also Bankscom's office. (Docket No. 72.) Petitioner's counsel also referred to petitioner's garage as "Bankscom Electronics" during the trial. (TR at 227:7-8.) Petitioner's computers were linked together in a network named "Bankscom." (TR at 763-765.) Witnesses also testified that petitioner's email addresses included "bankscomelectronic2005" (at 507:2), "banksco@msn.com" (TR at 102: 23), "bankscomelec@msc.com (TR at 102: 24), and "banksco2002@msn.com." (TR at 129:14.) Finally, petitioner's son testified that petitioner spent "most of his time" in the garage and that people occasionally came to the garage to get their computers fixed. (TR at 576:22.)

"In the electronic context," a person receives and possesses child pornography "if he or she . . . exercises dominion and control over it." United States v. Romm, 455 F.3d 990, 998 (9th Cir. 2006). Because the evidence established that petitioner exercised dominion and control over the garage, the technical distinction as to whether the computers therein were owned by petitioner personally or by his corporation was irrelevant. Petitioner has not shown that counsel's failure to raise the issue of whether the computers were owned by petitioner personally or petitioner's corporation was prejudicial.

3.    Failure to Cross Examine Witnesses

Petitioner argues that his counsel was also ineffective because he failed to cross examine the government's witnesses. (Mot. to Dismiss 6.) Petitioner also claims that counsel made no effort to question witnesses nor to produce any testimony or

facts favorable to petitioner. These claims are belied by the trial record clearly shows that counsel cross examined twelve government witnesses (TR at 118-23, 210-230, 341-352, 417-420, 432-433, 508-513, 554-562, 633-641, 655-668, 738-745, 908-939, 967-969) and called one witness for the defense. (TR at 970-976, 982-983.) Accordingly, petitioner is not entitled to relief on his ineffective assistance of counsel claim for failure to cross-examine witnesses at trial.

### 4. Failure to Challenge Sentence

Petitioner finally contends that counsel was ineffective on appeal because "counsel failed to attack the sentence handed down by the district court. The sentence of 'life plus sixty years' is an inordinately long sentence under the circumstances and . . . amount[s] to cruel and unusual punishment." (§ 2255 Mot. at 6.) Plaintiff again fails to demonstrate he suffered prejudice as a result of counsel's failure to attack the length of his sentence.

Petitioner's enhanced sentence was required by statute because of petitioner's prior sex offense convictions. See 18 U.S.C. § 3559(e)(1) ("A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed."); Statutory schemes that increase recidivists' sentences have regularly survived Eighth Amendment challenges. See, e.g., Parke v. Raley, 506 U.S. 20, 27 (1992) (noting that the Supreme Court has rarely struck down sentence enhancements for recidivists); Lopez v. Campbell, No. 05-00481, 2008 U.S. Dist. LEXIS 92809, at

7

1  *72 (E.D. Cal. Nov. 5, 2008) (upholding a sentence of 147 years
2  to life plus forty seven years that factored in sentence
3  enhancements for prior offenses pursuant to a state statutory
4  scheme).

5       In fact, the Ninth Circuit has regularly approved the
6  life sentence enhancement for repeat sex offenders under 18
7  U.S.C. § 3559(e)(1).  See, e.g., United States v. Gallenardo, 579
8  F.3d 1076, 1085 (9th Cir. 2009) (stating that imposition of a
9  mandatory life sentence pursuant to § 3559(e)(1) was proper for
10 defendant convicted of possession of child pornography and sexual
11 exploitation of a child based on his two prior convictions for
12 sexual assault on a child).

13      Any attack on petitioner's sentence by counsel as cruel
14 and unusual punishment would have failed.  Petitioner's life
15 sentence on Count III under § 3559(e)(1) has been affirmed by the
16 Ninth Circuit.  See United States v. Banks, 556 F.3d 967 (9th
17 Cir. 2009).  Accordingly, petitioner has failed to demonstrate
18 that he suffered prejudice as the result of counsel's decision
19 not to raise an Eighth Amendment attack on his sentence.

20      There is no need for further discovery or an
21 evidentiary hearing on any of petitioner's claims.  None of his
22 claims suggest that defendant's counsel failed to meet
23 "prevailing professional norms" either at trial or on appeal.
24 Strickland, 466 U.S. at 649.  Moreover, there can be no prejudice
25 as the result of counsel's alleged errors because all of
26 defendant's proposed arguments were all meritless.

27      B.   Appointment of Counsel
28           A federal habeas petitioner has "no right to counsel on

8

his collateral post-conviction 28 U.S.C. § 2255 petition." United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (holding prisoners do not have a Sixth Amendment right to counsel when mounting collateral attacks upon their convictions).  However, the court has considerable discretion in deciding whether to appoint counsel in § 2255 proceedings.

The court may furnish counsel when the "interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  In a § 2255 proceeding, "[a] judge may, for good cause, authorize a party to conduct discovery . . . . If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Section 2255 R. 6(a).  Good cause exists where "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (citing Harris v. Nelson, 394 U.S. 286 (1969)).  Petitioner has not shown good cause to justify appointment of counsel because, for the reasons discussed above, there is no reason to believe that any facts could be developed which would entitle petitioner to any relief.

Appointment of counsel may also be required in a § 2255 proceeding if an evidentiary hearing is required.  Section 2255 R. 8(c); see United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995).  Here, for the reasons stated above, none of petitioner's claims require discovery or an evidentiary hearing. Each of his claims are meritless as a matter of law.  The court

will decline petitioner's request for appointment of counsel.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion to dismiss the petitioner's § 2255 motion be, and the same hereby is, GRANTED.

DATED:  August 4, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10